ALBANY,<br>Jan. 1835.<br><br>Green<br>v.<br>Patchen.

Judgment for defendants on demurrer.

---

### GREEN *vs.* PATCHIN.

In actions *not referrible* under the statute, if the parties refer the cause to referees by stipulation, or rule, or both, and merely provide that the referees report, such reference is an *arbitration*, and operates as a *discontinuance*, although the submission contain a stipulation that *either party may make a case;* but if the submission provides that a *judgment* may be entered upon the report or award, and judgment is entered accordingly, the parties are concluded by their agreement, and cannot be heard to allege that the reference and judgment were not warranted by law.

THE declaration in this case is in *trespass, assault, battery and false imprisonment.* In October term, 1826, the defendant put in a plea of *not guilty.* The cause was then continued by *vice comes non misit breve* until October term, 1827, when is entered on the record a *stipulation* bearing date 15th September, 1827, by which the parties agree to *refer* the matters in issue to three persons, (who are named,) to report thereon to this court with all convenient speed, and *that either party have a right to make a case on the usual term.* It is also suggested on the record, that on the filing of such stipulation, it was ordered

ALBANY,
Jan. 1835.

Green
v.
Patchen.

by the court that the matters be referred, &c., according to the terms of such stipulation, and then the cause is continued by regular continuances from term to term, until *January term*, 1832, when the defendant put in a plea of *puis darrein continuance*, that on the 15th September, 1827, by the above stipulation, the cause was referred to the three persons named in the same to report thereon, and *that either party might have the right to make a case on the usual terms;* and the defendant averred that by such stipulation the cause was referred to the individuals named, wherefore he prayed judgment if the plaintiff ought *further* to have or maintain his action, &c. To which plea the plaintiff *demurred*, assigning for causes of demurrer that it does not appear at what time or place the plea is pleaded ; that the plea does not set forth the agreement therein mentioned with sufficient certainty by its tenor, and that it does not set forth what proceedings were had before the persons named in the plea as referees.

*T. J. Nevins & R. N. Morrison*, for plaintiff.

*H. A. Wisner & J. Taylor*, for defendant.

*By the Court*, SAVAGE, Ch. J. The only question discussed by the counsel is, whether the reference operated as a discontinuance of the suit? and to that I shall confine my remarks. That a bare submission to arbitrators is a discontinuance is not disputed, but it is contended that the stipulation provides for the continuance of the cause in court. A reference to some of the cases determined in this court will enable us to decide the question correctly. In *Miller* v. *Vaughan*, 1 *Johns. R.* 315, the cause had been referred by consent, without any rule of court. The court said they would not listen to a motion to set aside the report, only where the cause was referred by rule of court pursuant to the statute ; that the court had no control over the referees in such case, and the remedy of the parties was the same as in case of submission to arbitrators. In this case no rule had been entered ; but it appears in the case of *Camp* v. *Root*, 18 *Johns. R.* 22, that the entry of a rule did not give the court jurisdiction over the referees and their

ALBANY,
Jan. 1835.

Green
v.
Patchen.

report, unless the other proceedings directed by the statute had been observed. That was an action of replevin, and was referred by a rule, by consent, to one referee, and that he report to the court. This court said it was plainly a case of arbitration; that the entry of the submission in the minutes of the court, and the direction to make report to the court, did not authorize the court to give judgment immediately upon the award; that the submission was a discontinuance of the suit. In *Johnson* v. *Parmely*, 17 *Johns. R.* 129, the action was trover, and referred by consent, by rule, in the common rule book, but the court said they would not exercise any summary control over the proceedings; it was a mere arbitration, and the entry of the rule made no difference. All these cases were not referrible under the statute. The case of *Yates* v. *Russell*, 17 *Johns. R.* 461, was not referrible; but in that case the stipulation contained more than a mere reference: it provided for the entry of judgment upon the report of the referees, and a rule for judgment upon the report was entered. The court for the correction of errors refused to set aside this judgment; not because the judgment was according to the statute. It was admitted by Chancellor Kent, who delivered the unanimous opinion of the court, that it was a reference at common law. But the plaintiff in error was not permitted to allege for error, a rule for reference and judgment on the report, where the reference and the judgment were in pursuance of his own consent in writing. So in the case of *Camp* v. *Root*, above cited, this court refer particularly to the stipulation authorizing the entry of judgment, and consider it equivalent to a plea of confession for that amount. Also, in *Ex parte Wright*, 6 *Cowen*, 399, a judgment was to be entered on the report; the cause was to be continued in court by the stipulation, and therefore it should not operate as a discontinuance. It is argued in the present case that the cause was to be continued, as the parties had provided for the making a case, with a view to set aside the report. The answer to which is, that the cause being one in which a reference could not be made under the statute, the court have no jurisdiction over the referees or their report, any more than they have over arbitrators and their award, independent of any statute provis-

ion. Where a judgment has been entered according to the written agreement of the parties, without fraud, the court will permit the parties to enforce it, and will not interfere to set it aside, or examine its merits. 8 *Cowen*, 136, 2 *Wendell*, 595, 9 *id*. 480, contain principles applicable to this case. The result is this : that in all actions not referrible under the statute. if the parties refer the cause to referees, by stipulation or rule, or both, and merely provide that the referees report, such reference is an arbitration, and operates as a discontinuance. But if the stipulation of the parties provides that a judgment shall be entered upon the report or award, and judgment is entered accordingly, the parties are concluded by their agreement, and cannot be heard to allege that the reference and judgment were not warranted by law.

According to this rule, the reference in the case now before us was a discontinuance of the suit. This court has no control over the report ; but had the stipulation authorized the entry of a judgment, such judgment might have been entered and enforced. The plea is good in substance, and the defendant is entitled to judgment upon the demurrer.