By the Court. Oakley, Ch. J.
The plaintiff, Blunt, and the six defendants, Whitney and others, were the owners of real estate situated in the north-eastern part of the city of Hew York, and were annoyed by various erections of the butchers, which they complained of as nuisances, such as a hide house, a melting house, and the like. A public meeting of those interested in putting down these nuisances was held, at which a committee was appointed to raise funds for the purpose of removing them by legal proceedings. The plaintiff, and all the defendants in this suit, except J. C. Merritt, were members of this committee. It did not appear that any new committee was ever appointed, or any action had for that purpose.
A vigorous and protracted litigation with the butchers ensued. The committee directed the plaintiff, who was an attorney, solicitor and counsellor, to file one bill in chancery, and D. P. Hall, Esq., to file another; and they retained George Wood, Esq., as counsel. The direct action of the committee there ceased. The chancery suit proceeded, and an indictment for a nuisance was obtained and tried in respect of the melting house. After a long controversy the butchers were defeated, and the defendants and their associates were substantially successful in the litigation.
The means relied upon for conducting it by the committee, a subscription or assessment, did not suffice to pay the entire expense. The plaintiff claimed a large sum for his counsel fees in the suits. His costs were not in question. There was no satisfactory evidence of any action of the committee as such, in retaining the plaintiff as counsel; but it was shown that some individual members knew of his acting in that capacity, and others attended meetings of the committee where his acts were *6 spoken of; and thus there was evidence from which a retainer might be inferred.
The plaintiff’s demand for counsel fees remaining unpaid, he brought a suit against the defendants for its recovery. After the cause was at issue, on the 14th of December, 1848, a rule of court was entered by the written consent of the parties, referring the cause to three referees, “ to hear and determine the matters in controversy on legal and equitable principles.” They have tried the cause, and have made a report awarding twelve hundred dollars to the plaintiff. In. their special report of the case, the referees state the principles on which they proceeded. Thus, from the entire sum fixed upon by them, they deducted one seventh as the proportion which, on equitable principles (to use their own words), the plaintiff himself ought to bear. They proceed to say, “ And as some of the items might not be fully proved, and some overcharged in the bill of particulars compared with the evidence, and as the plaintiff received some benefit in tiie taxed costs recovered by liim, and the referees were to determine the matters in controversy on legal and equitable principles, they' deemed it equitable to deduct from the plaintiff’s bill” certain other sums specified. And after some further observations, they say they were satisfied that the sum allowed by them was “no more than a just and equitable compensation” to the plaintiff.
Thus it appears that the referees very properly considered and decided the case on equitable grounds and principles. And the fact stated, that they required the plaintiff, as one of the committee, to contribute his proportion of his own claim, shows that the action could not be maintained at law at all.
In short, the reference took the cause out of court and submitted it to arbitration; and the report is no doubt a good award, on a parol submission.
The defendants move to set it aside, but we cannot entertain the motion at all. The case has passed beyond om jurisdiction.
Die report must be treated as an award made. on equitable principles, on which the plaintiff can probably maintain an action. Or, if so advised, he may apply by motion to enter a judgment upon it; but it now seems to us that such a motion *7 cannot be granted. We can make no order on the subject now, and must dismiss the application for want of jurisdiction.