## WILSON & CHAPEL *vs.* WILLIAMS.

66b    209
169 NY²499

An agreement to arbitrate a pending suit operates as a discontinuance of the suit as an action; but, nevertheless, if the agreement provides for a judgment to be entered in the action, such judgment may be entered, and stands as a judgment by consent, which cannot be set aside in the ordinary way by which errors are corrected.

It *seems* the award, and the judgment upon it, are subject to the same rules which are applicable to awards at common law, and to be set aside for like causes; but it is well settled that the ordinary remedies against an erroneous judgment do not apply. No appeal lies therefrom.

THIS is an appeal from an order of the county court of Alleghany county, dismissing an appeal from a judgment rendered before a justice of the peace. It appears from the return that a suit was duly commenced by the plaintiffs against the defendant, before a justice, issue joined and a venire issued, whereupon the parties agreed to arbitrate the matters in controversy, selecting two persons as arbitrators, of whom the justice was one,

and it was provided that if the arbitrators agreed, the justice should render judgment thereon. The arbitrators agreed, and the justice rendered a judgment on their award for $10 damages and $5 costs. The plaintiff being dissatisfied with the award brought an appeal from the judgment to the county court, which, on the return and affidavits and on motion of the defendant, dismissed the appeal.

*By the Court*, TALCOTT, J. Whatever doubts might be entertained if this were a new question, as to whether the judgment of the justice is not utterly void for want of power and jurisdiction and to be set aside, it appears to have been too well settled to be now disturbed, that an agreement to arbitrate a pending suit operates as a discontinuance of the suit as an action ; but nevertheless if the agreement provides for a judgment to be entered in the action, such judgment may be entered, and stand as a judgment by consent, which cannot be set aside in the ordinary way by which errors are corrrected. Probably the award and the judgment upon it are subject to the same rules applicable to awards at common law, and to be set aside for like causes, but it is well settled that the ordinary remedies against an erroneous judgment do not apply. (*Yates* v. *Russell*, 17 *John.* 461. *Green* v. *Patchin*, 13 *Wend.* 293. *Bank of Monroe* v. *Widner*, 11 *Paige* 529. *Diedrick, Adm'r* v. *Richley*, 19 *Wend.* 108; *S. C.* 2 *Hill*, 271. *Blunt* v. *Whitney*, 3 *Sandf.* 4.)

The order dismissing the appeal was therefore correct, on the ground that no appeal lies from such a judgment.

Order affirmed with $10 costs of appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, November, 1870. *Mullin*, *Johnson* and *Talcott*, Justices.]