GEORGE HEARNE *vs.* DANIEL BROWN.

Cumberland.   Decided December 18, 1877.

*Trial.*

In general, a reference of a pending suit at common law, or its submission under the statute, operates as a discontinuance. But when it is plain from the terms of the agreement to refer, that it was the intention of the parties that the cause should remain upon the docket of the court, that the award should be returned to and that judgment should be then entered in accordance with the award of the referees, there is no discontinuance.

If, in such case, either of the referees declines to act, the cause will stand for trial.

ON EXCEPTIONS from the superior court.

ASSUMPSIT on an account annexed, to which an account in set-off was seasonably filed.

The writ was dated September 26, 1870, and was entered at the October term following.

At the January term, 1877, the counsel for the defendant filed a motion to dismiss this action because all matters involved in this suit and account in set-off had been referred to certain referees and in support thereof introduced the following agreement to refer :

"State of Maine, Cumberland, ss. Supreme Judicial Court.

George Hearne *vs.* Daniel Brown.

" In the above entitled cause, commenced by writ dated September 26, A. D. 1870, and returnable to said court on the second Tuesday of October, A. D. 1870, and now pending therein, the parties hereby agree to refer all matters, charges, accounts and claims involved therein, and for which said action was brought, as also all matters, charges, accounts and claims involved in the account in off-set filed in said cause to Samuel L. Carleton and Melvin P. Frank, as referees and arbitrators, who are to decide the same by law and equity, and they are to be sole judges of the law and facts, giving to them also power to choose a third person in case they should fail to agree; the three, or a majority of them, to have the same authority hereby given to said Carleton and Frank. The report and decision of said referees is to be final, and

to be reported to court and judgment entered thereon, which judgment is to be final, and no exceptions, appeals or writs of error, are to be taken to the same or to any of the proceedings. March 15, 1871. (Signed) George Hearne. (Seal). Daniel Brown. (Seal)."

On the hearing upon the motion at the April term following, the plaintiff offered, subject to objection, the written resignation of M. P. Frank, one of the referees, dated March 27, 1877, and the written revocation of the reference by the plaintiff, dated March 30, 1877.

Upon these facts, the presiding justice ruled *pro forma*, as matter of law, that the reference and such action as was taken by the referees operated as a discontinuance, and dismissed the action, to which ruling the plaintiff alleged exceptions.

*J. H. Drummond & J. O. Winship*, with *P. J. Larrabee*, for the plaintiff.

*N. Webb* with *D. W. Fessenden*, for the defendant.

APPLETON, C. J. The agreement of 15th of March, 1871, is entitled as of a term of this court. It states the time when the writ was returnable and when it was entered; it recognizes the

suit as "now pending;" it refers "all matters, charges, accounts and claims" involved in the suit for which this action was brought and "all matters, charges, accounts and claims" involved in the account in offset to two referees therein named, with power to choose a third in case they fail to agree, the three, or a majority, to have all the powers given to the referees named ; and it provides that the decision of the referees is to be final and is to be reported to the court and judgment is to be entered thereon, which judgment is to be final.

There is no mistaking the intention of the parties. The action was to remain on the docket until the award of the referees was returned, and then judgment was to be rendered thereon. The agreement excludes the idea of a discontinuance, and it affirms the idea that the action was to remain on the docket until its final disposition in accordance with the terms of the agreement. If the clearly expressed will of the parties is to govern, there has been no discontinuance.

When parties select another and different tribunal from that in which a case is pending to settle their controversies, as when they enter into a reference of a pending suit at common law or into a statutory submission, the cause thus referred is thereby discontinued. *Mooers* v. *Allen*, 35 Maine, 276.

But when the terms of the agreement provide that the action is to remain upon the docket, and that judgment thereon is to be entered in accordance with the award of the referees, there is no discontinuance. In *ex parte* Wright, 6 Cow. 399, the court say "A general submission to arbitration is a discontinuance. Not so of a submission, where a judgment on the report or a cognovit is to follow. By the very terms of the submission the cause is to be continued in court." To the same effect is the decision of Savage, C. J., in *Green* v. *Patchin*, 13 Wend. 293. A mere submission to arbitration will not be a discontinuance of a pending suit, when by express agreement or necessary implication the cause is to be retained on the docket until the arbitration is perfected by an award, and such an agreement will be implied from the stipulation that judgment shall be entered on the report or award. *Lary* v. *Goodnow*, 48 N. H. 170, reaffirmed in *Weare* v. *Putnam*,

56 N. H. 49. So, in *Rogers' heirs* v. *Nall*, 6 Humphrey, 29, it was held that the court had power to enter up judgment upon an award made in a case pending in court, though the submission was by arbitration bond and not by rule of court, provided the submission contained a stipulation that the award ·shall be made the judgment of the court.

Here, too, one of the referees declined to act. In *Chapman* v. *Seccomb*, 36 Maine, 102, it was held that, where the parties to an action pending in court agree in writing to refer it, with stipulations that it shall be withdrawn, each party to pay his own cost ; if one of the referees declines to act, the agreement becomes inoperative and the action may stand for trial.

The *pro forma* ruling of the presiding justice was erroneous. The cause is still pending and it will stand for trial in its order upon the docket.

*Exceptions sustained.*

WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.