R. WILKINSON, Appellant, v. ELLEN PRICHARD ET AL.

Arbitration and award: TIME FOR FILING: CHANGE OF AGREEMENT: HOW EFFECTED. A submission to arbitration must be signed and acknowledged by the parties and need not fix the time within which an award shall be made, but if the time is fixed any subsequent change in time must be effected by a writing duly acknowledged the same as the original submission, otherwise an award not filed in accordance with the original submission will have no legal effect.

**Submission to arbitration pending suit:** DISMISSAL OF ACTION.
2   Where the parties, after commencement of an action, agree to
    a submission to arbitration of the subject matter and that judg-
    ment upon the award shall be entered by the court in which
    the action is pending, the fair inference is that the parties
    intended the action to be continued for the filing of the award
    and entry of judgment thereon; and having filed all subsequent
    papers in that action as though pending, and requested the court
    to enter judgment on the award, the submission to arbitration
    will not operate to discontinue the action; and it is immaterial
    that matters other than those involved in the pleadings are in-
    cluded in the agreement to arbitrate.

**Arbitration and award:** VOID AWARD: RATIFICATION. The arbitrators
3   selected are the agents of both parties and their award, though
    filed too late and thus without legal effect, is subject to ratifi-
    cation. And even though the subsequent ratifying acts may have
    been done in ignorance of the fact that the award was filed too
    late, it becomes the duty of the party dissatisfied therewith, upon
    discovering that fact, to notify the other party of his election
    either to rescind or confirm the effect of his acts, and his right
    to rescind will then depend upon his ability to place the other
    party in *status quo.*

*Appeal from Jasper District Court:*—HON. BYRON W.
PRESTON, Judge.

SATURDAY, DECEMBER 18, 1909.

THE plaintiff appeals from a judgment confirming an
award of arbitration.—*Affirmed.*

*E. J. Salmon* and *L. S. Kennington,* for appellant.

*McElroy & Cox,* for appellees.

LADD, J.—Issues had been joined March 8, 1906, as
to whether defendants, or those under whom they took, had
obstructed plaintiff's ditch, and, if so, the amount of dam-
ages caused thereby, and whether plaintiff by the excava-
tion of the ditch had directed water from its natural course
and thrown it on defendants' land to their damage, and, if

so, the amount thereof. There were other matters of difference between them, and May 18th following an agreement of arbitration was entered into, designating three arbitrators and authorizing them to determine the issues mentioned and also other specified differences between them, and requiring the award to be filed within sixty days. This agreement was duly acknowledged, but another, entered into June 16th, extending time for filing the award thirty days, was not acknowledged. On August 8th the parties stipulated "that they and each of them will abide by and indorse their approval upon and waive their right of appeal from the award upon a submission to arbitration," and this was to have the same effect as though incorporated in the original agreement, though it was not acknowledged. On August 20th, two days after the expiration of the period within which this was to be done, the award of the arbitrators was filed. It found plaintiff entitled to recover as damages the sum of $50, and the defendants on their counterclaim, $75; that plaintiff should pay defendants $4,320 for about one hundred and twenty-two acres of land, concerning access to which there had been some dispute, and that upon such payment defendants should convey the same to him; that plaintiff should construct and maintain a ditch, particularly described, before May 1, 1907; that defendants should keep that portion of the ditch in their land open; and that each party pay one-half of the costs of arbitration, and that three-fifths of the costs in the case be taxed to plaintiff and two-fifths to the defendants. On October 24th plaintiff filed exceptions to the parts of the report allowing defendants damages and assessing costs and expenses, and moved that the remainder of the award be confirmed and judgment entered thereon. On December 8th plaintiff filed a motion to retax costs, reciting therein the submission to arbitration, and that "an award has been made and rendered thereunder by said arbitrators." On April 21, 1907, the defendants filed a

supplemental pleading, reciting the facts relating to the
submission and award, and that plaintiff had paid for and
taken possession of the land involved therein, and received
a deed therefor in pursuance of the award, and prayed that
the award be spread on record and judgment be entered
accordingly.   On April 13, 1908, the defendants filed a
resistance to plaintiff's exceptions, asserting, among other
things (1) that the right to file exceptions had been waived
by stipulating that approval should be indorsed on the
award, and that no appeal should be taken; and (2) that
plaintiff, after accepting a part of the benefits of the award
accruing to him, can not avoid the burdens imposed there-
in.   On May 11, 1908, plaintiff moved that the award be
rejected because (1) not filed "within time fixed in the
submission;" (2) that the terms of submission were
changed by stipulations not acknowledged; and (3) the
submission shows on its face that it was not a statutory
submission.   On the same day plaintiff also moved that the
award be docketed separately from the cause as originally
begun.   On hearing plaintiff undertook to withdraw all ob-
jections and motions by him filed previous thereto, but de-
fendants objected, for that plaintiff in filing the same
waived all irregularities.   The motions and objections
were introduced in evidence, and also proof that plaintiff
had paid for the land and received a conveyance thereof
in pursuance of the award.   The attorney for plaintiff also
testified that he was not notified when the award was filed,
that upon discovering that it had been, he could not find
the papers in the files, and that these were not found by
the clerk until about two months before the hearing, and
that he delayed in filing the motion for the rejection of the
award owing to a conversation with counsel for defendants,
in which the latter had said two of the arbitrators had in-
formed him the report was filed in time, and he expected
to take their depositions.

I.   It has seemed necessary to set out the facts with

particularity, for as the award was filed after the time fixed in the agreements, its validity depends entirely on the subsequent conduct of the parties. Section 4392 of the Code reads that: "If the time within which the award is to be made is fixed in the submission, one made after that time shall not have any legal effect unless made upon a recommitment of the matter by the court to which it is reported." And section 4393: "If the time of filing the award is not fixed in the submission, it must be filed within one year from the time the agreement is signed and acknowledged, unless by mutual consent the time is prolonged." Submission to arbitration may be made without agreement as to time. All essential to a submission is that the parties "sign and acknowledge a written agreement specifying particularly what demands are to be submitted, the names of the arbitrators and court by which judgment on their award is to be rendered." Section 4386, Code. If there is an omission to acknowledge the agreement, the award can not be adopted by the court and judgment entered thereon. *Fink v. Fink,* 8 Iowa, 313. Nor can this be done in the absence of a stipulation naming the court by which the judgment shall be entered. *Foust v. Hastings,* 66 Iowa, 522; *Love v. Burns,* 35 Iowa, 150. And doubtless the same result would follow an omission to specify particularly what demands are to be submitted, or to name the arbitrators, but these are all the matters the statute declares essential to statutory arbitration, though the time within which the award shall be made may be included. These may be modified by subsequent stipulations complying with the statute, and others, though included, may be changed or 'omitted by subsequent agreements, either in writing or parol. *Varpey v. Brewster,* 14 N. H. 49; *Graham v. Graham,* 9 Pa. 254 (49 Am. Dec. 557); *Nashua, etc., Ry. v. Boston, etc., Ry.,* 157 Mass. 268 (31 N. E. 1060); *Doane College v. Lanham,* 26 Neb. 421 (42 N. E.

*Marginal note: 1. ARBITRATION AND AWARD: time for filing: change of agreement: how effected.*

405. See cases collected in 3 Cyc. 608. But the time within which the award must be filed is not one of the matters which may be changed informally. Such time necessarily is fixed in the submission; for if defined therein, it will be as stated, and if not, the award must be filed within one year, unless the time is extended by mutual consent. If to be within less than a year, the submission must so provide, and the statute requires that it be acknowledged. It follows, then, that any subsequent change in time must be effected under like restrictions; i. e., must be in writing and acknowledged. *Bent v. Erie Telegraph & Telephone Co.,* 144 Mass. 165 (10 N. E. 778). The subsequent agreement, then, extending the time for filing the award, as it was not acknowledged, was of no effect, though this is not of consequence, as the award was filed after the expiration of the time as undertaken to be extended. The award when filed, then, "did not have any legal effect," and the sole inquiry is whether the parties have so adopted it that, notwithstanding this, judgment should be entered thereon.

II. The award was filed in the original action. Appellant contends that such action was dismissed upon entering into the agreement to arbitrate. Whether in the absence of statute such dismissal is effected

**2. SUBMISSION TO ARBITRATION PENDING SUIT: dismissal of action.**

when the agreement to arbitrate is filed, or only upon the return of the award, is a matter on which the authorities differ. See *Goodwin v. Ins. Co.,* 118 Iowa, 601. But where the agreement is that judgment be entered in the pending suit, neither the submission nor award operates as a discontinuance thereof. *Callanan v. Railway,* 61 Mich. 15 (27 N. W. 718); *Wilson v. Williams,* 66 Barb. (N. Y.) 209; *Ex parte Wright,* 6 Cow. (N. Y.) 399. Section 4388 of the Code provides that: "A submission to arbitration of the subject-matter of an action may also be made by an order of court, upon agreement of parties, after action is com-

menced." Where such an agreement has been entered into, and also that judgment shall be entered by the court in which the action is pending, the only fair inference is that the parties intended that the action be continued for the filing of the award and the entry of judgment thereon. True there was no order of reference, nor was there any entry of dismissal. For all that appeared of record in the case, it was pending up to the entry of the judgment on the award, and both parties so treated it until the final hearing. It can make no difference that matters other than those involved in the pleadings were included in the agreement to arbitrate, for this did no more than enlarge the issues, as might have been done by amendment or submitting to the court as though included therein. *McLeod v. Thompson,* 138 Iowa, 304. As said, the fair inference is that judgment was to be entered in the pending suit, and upon the filing of the award the parties adopted this view by filing all their papers in that action as though pending, and requesting the court to enter judgment therein on the award. After skirmishing in the action as though pending for more than two years without objection, the plaintiff can not well complain if compelled to continue there throughout the engagement. See *People v. Onondaga,* 1 Wend. (N. Y.) 314; *Buel v. Dewey,* 22 How. Prac. (N. Y.) 342.

III. Nor is plaintiff now in a situation to raise the objection that the award was not filed in time. Arbitrators selected to adjust the differences are the agents of both

3. ARBITRATION AND AWARD: void award: ratification.

parties alike. *Grosvenor v. Flint,* 20 R. I. 21 (37 Atl. 304), and their findings, even though without legal effect because filed too late, are the subject of ratification (*Culver v. Ashley,* 19 Pick. [Mass.] 300). In the cited case, because of the arbitrators having exceeded their authority, the award was of no binding force, yet the parties by their subsequent conduct adopted and ratified it. In so holding the court said:

"There can be no doubt that arbitrators mutually agreed upon are so far the agents of the parties that their acts are proper subjects of ratification. *Perkins v. Wing,* 10 Johns. (N. Y.) 143. Indeed, no such relation is necessary. If a perfect stranger assumes to act for a party, the latter may adopt his agency, and has an election either to ratify or reject the acts thus done by him. A subsequent ratification is equivalent to previous authority." See, also, *Cobb v. Parham,* 4 La. Ann. 148. That a voidable award may be ratified has been repeatedly held. *Wilson v. Wilson,* 18 Colo. 615 (34 Pac. 175); *Culver v. Ashley,* 19 Pick. (Mass.) 300; *Cobb v. Parham,* 4 La. Ann. 148. A void award, because the matter can not be the subject of arbitration, of course is not to be the subject of ratification. *Wiles v. Peck,* 26 N. Y. 42; *State v. Gurnee,* 14 Kan. 111; *Hubbell v. Bissell,* 13 Gray (Mass.) 298. In *Burkland v. Johnson,* 50 Neb. 858 (70 N. W. 388), the agreement for the submission was not acknowledged before the officer named in the statute, and the court held that, while performing the requirements of the award amounted to ratification of the proceedings of the arbitrators, and waived any irregularity on their part, yet as jurisdiction of the subject-matter had never been conferred on the district court to enter judgment, this could not be done by consent. Here jurisdiction had been conferred by the agreement to arbitrate, and continued by virtue of the pendency of the action, so that the decision referred to is not controlling.

But appellant urges that whatever was done by him subsequent to the filing of the award was in ignorance of the omission of the arbitrators to file the same in time. The attorney for plaintiff has testified that he was not aware of this, but there is no showing that plaintiff in accepting the benefits of the arbitration acted without knowledge of the condition of the record. Even if he did not know, upon discovery of the fact he was put to his election either to rescind what had been done in pursuance of the award or

confirm the effect of his acts as a ratification thereof. Quoting again from *Culver v. Ashley:* "It is undoubtedly true that a ratification, to be valid, must be made understandingly. Acts done in pursuance of the decision of the arbitrators, and in a belief of its validity, are evidence of submission to a binding judgment, rather than of the adoption of an unauthorized award. If the defendant assented to the award and recognized its validity, in ignorance of the circumstances, he was bound, as soon as he discovered the facts, to notify the other party of his determination to rescind his ratification. *Frothingham v. Haley,* 3 Mass. 70; *Cairnes v. Bleecker,* 12 Johns. (N. Y.) 300. But the defendant could not repudiate his ratification without restoring the plaintiff to as good a situation as he was in when the award was made. It would be most unjust for him to refuse to perform his part of the award, while he retains the fruit of it. And if the plaintiff can not be placed in *statu quo,* it would be more reasonable and equitable to hold the defendant to an agreement which he may have incautiously or ignorantly made than that the plaintiff, who has been guilty of no negligence or mistake, should be subjected to loss or injury. Let him who has committed the error bear the consequence of his own rashness or ignorance."

The award not being filed in time, derives its force from the acceptance of the parties. As in the cited case, it proposed to the one party to transfer certain property and perform certain other things, and to the other party, to pay certain sums of money, and to do certain other things. These terms were mutual and dependent; each forming a consideration for the other. The parties manifest their adoption of these by part performance, and by asking the court for judgment on the award as made. After having availed himself of the benefits of such award, the plaintiff, without tendering a rescission and offering to put defendants in *statu quo,* ought not to be permitted to

withdraw any of the papers filed. Both parties invoked the action of the court in rendering judgment.

   , As the original action was still pending, and the stipulation of submission may be regarded as enlarging the scope of the inquiry, the court had jurisdiction, and its judgment must be, and is, *affirmed*.