[No. 2244]

## THOMAS NELSON, APPELLANT, v. EDWARD REINHART, RESPONDENT.

[167 Pac. 690]

1. ARBITRATION AND AWARD—EFFECT OF STIPULATION FOR ARBITRATION.

The mere fact that the parties agree to submit to arbitration did not work discontinuance and dismissal of the case in the absence of manifest intention of the parties to accomplish such result.

2. ARBITRATION AND AWARD—FRAUD—RIGHT TO RELIEF.

In an action for money loaned, where the parties agreed and did submit to arbitration stipulating for judgment entry according to the result of the arbitration, the court had jurisdiction to entertain a motion to set aside the award upon allegations that the arbitration was fraudulent and wrongful.

3. APPEAL AND ERROR—SCOPE OF REVIEW—DISCRETIONARY ORDERS.

If the trial court passes on a motion to vacate an alleged fraudulent award of arbitrators, the court of review will rarely disturb such a discretionary order.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker*, Judge.

Action by Thomas Nelson against Edward Reinhart. From judgment rendered, plaintiff appeals. **Reversed,** with directions.

## STATEMENT OF FACTS

Thomas Nelson, the appellant here, commenced the action in the lower court for the collection of money loaned. Respondent answered by admitting the allegations of plaintiff's complaint and by setting up a counterclaim by way of defense. The basis of the counterclaim was that in June, 1913, the defendant,

respondent here, at the special instance and request of plaintiff, performed services as a broker for the plaintiff in procuring a purchaser for certain ranches in Humboldt and adjoining counties in the State of Nevada, together with the live stock, implements, buildings, and other property in connection with such ranches; that by and through the efforts and services of the defendant a purchaser was procured for such property; that the price paid by the purchaser for the Nelson ranches was approximately $215,000; that a reasonable commission for the services of defendant was the sum of $21,500; that no part of such sum has been paid excepting $1,000, which was paid to defendant by plaintiff on or about the 1st day of September, 1913, as a part payment of his commission as broker. The prayer of the counterclaim was for $18,977.50. The material matter of the counterclaim was denied in the replication of plaintiff. The case, being at issue, was continued from time to time, as appears from the several minute orders of the district court, the last of which orders was made on March 2, 1916.

Without the knowledge of the court, and without recourse to statutory proceedings, the parties entered into a written agreement to submit the controversy to arbitration. By the agreement each of the parties was to select an arbitrator; the two arbitrators thus selected were to choose a third. This board of arbitration voluntarily constituted were to meet and hear the testimony as offered by the several parties, and when they arrived at an award they were to fill in blank spaces in the stipulation which had already been signed by the attorneys for the respective parties, and the stipulation as thus completed was to be filed with the clerk of the court, pursuant to which judgment was to be entered. This was carried out. On March 14, 1916, there was filed with the clerk of the court the following instrument, designated as a stipulation:

"It is hereby stipulated and agreed by and between plaintiff and defendant in the above-entitled action

that the said Edward Reinhart do have and recover from the said Thomas Nelson judgment in the sum of $8,108.50, together with costs and disbursements in the sum of $193, making total judgment, including both damages, costs, and disbursements, in the sum of $8,301.50; it is further stipulated and agreed between the said parties that judgment be entered in accordance herewith by the court upon application of either party without notice to the other party.

"Dated this 14th day of March, A. D. 1916. Callahan & Brandon, Attorneys for Plaintiff. Salter & Robins and L. G. Campbell, Attorneys for Defendant."

On March 15, the following day, counsel for defendant, respondent here, requested in open court that judgment be entered according to the stipulation, counsel for appellant requesting time in which to present certain facts for the purpose of opposing the application for judgment. In resisting respondent's motion for judgment on the stipulation, appellant assigned: First, that the alleged and pretended stipulation for judgment upon which the said motion for judgment is alleged and pretended to be based is not in fact or in truth a stipulation for judgment in any respect; second, that the court had no jurisdiction to order judgment entered upon said alleged pretended stipulation, for the reason that the submission to arbitration mentioned in the exhibits was and is not a statutory submission to arbitration by the statutes of this state, inasmuch as there was no attempt to comply with the requisites as set forth in the statute for arbitration; third, that the stipulation for judgment and the amount set forth therein is false, fraudulent, wrongful, and illegal, being arrived at by an award made by certain arbitrators, which award was obtained by false, fraudulent, wrongful, and illegal acts of the said arbitrators; fourth, that the arbitrators by whose award the sums set forth in the stipulation for judgment were made were prejudiced against plaintiff, appellant here; fifth, that said arbitrators exceeded their power as such; sixth, that the authority and

power of the arbitrators to act as such had been revoked by plaintiff prior to the making of the award; seventh, that the arbitrators who made the award acted with partiality throughout the entire course of the proceedings; eighth, that the arbitrators had agreed to disagree; ninth, that at the time of making the award only two of the arbitrators were present, and that the meeting of said two arbitrators was secret, without notice to or the consent of the third arbitrator, and in this was fraudulent and illegal; tenth, that at the time of the making of the award and prior thereto two of the arbitrators were in gross error as to the facts proved at the hearing.

In addition, counsel for plaintiff in the court below objected to the making of any order for judgment in the proceedings for the reason that the court was without jurisdiction to make such order inasmuch as the agreement to submit to arbitration constituted in itself a discontinuance and dismissal of the case. At a later date, and during the course of the proceedings with reference to the entry of judgment, appellant appears to have filed an instrument entitled "Notice of Motion to Set Aside and Vacate Pretended Award." This instrument sets forth ten different grounds for the setting aside of the award as made by the arbitrators pursuant to which the stipulation for judgment was filed.

There are a number of affidavits in the record filed in support of the several charges of fraud and misconduct as set up by appellant in furtherance of his objection to the entry of judgment. An offer to prove the several charges of fraud and misconduct, as well as the charge of bias and prejudice with reference to the arbitrators, was refused by the trial court. The court took the position that inasmuch as the action was one at law, and a stipulation had been filed providing for the entry of judgment, appellant ought not to be permitted to raise the question as to the arbitration or as to the award or its illegality or as to fraud surround-

ing the award or the lack of authority on the part of counsel for plaintiff to sign the stipulation, all of which the court held to be properly belonging to a separate action in equity which might be instituted by the appellant to accomplish the end sought, namely, the setting aside of the stipulation.

*Callahan & Brandon,* for Appellant:

The lower court erred in entertaining respondent's motion for judgment, for the reason that the court had no jurisdiction to entertain the motion or enter judgment pursuant thereto; in overruling appellant's objections to the motion for judgment, and in sustaining respondent's objections to appellant's offers of proof in support of his objections to said motion; in overruling and denying appellant's motion to vacate and set aside the award and stipulation based thereon, and in sustaining respondent's objections to appellant's offers of proof in support of said motion, and in refusing to hear or entertain any testimony or proof of any kind in support of objections to the motion for judgment and the motion to vacate and set aside.

The lower court was without jurisdiction to entertain, hear or determine the motion for judgment for the reason that the action pending had been discontinued by the submission of the issues to arbitration, and for the further reason that said submission to arbitration was not a statutory one. (*Gunter* v. *Sanchez,* 1 Cal. 45; *Draghicevich* v. *Vulicevich,* 18 Pac. 406; Rev. Laws, 5255–5264; *Steele* v. *Steele,* 1 Nev. 27; *Kreiss* v. *Hotaling,* 41 Pac. 740; *Ryan* v. *Dougherty,* 30 Cal. 218; 2 R. C. L. 352.)

A stipulation, oral or written, apparently valid on its face, may be attacked by motion. (*Richardson* v. *Musser,* 54 Cal. 196; *Welsh* v. *Noyes,* 14 Pac. 317; *Gerdtzen* v. *Cockrell,* 55 N. W. 58; *Keens* v. *Robertson,* 65 N. W. 897.) The arbitrators exceeded their powers by acting as such after they had finally failed to agree. (3 Cyc. 630.) The award having been made in the absence of one of the arbitrators, it was not valid. (2 Am. & Eng. Ency. Law,

2d ed. pp. 641–645; 3 Cyc. 651–654; 2 R. C. L. 383.) The authority of the arbitrators had been revoked. (2 Am. & Eng. Ency. Law, 2d ed. pp. 594–596.)

*L. G. Campbell* and *Salter & Robins,* for Respondent:

The arbitration was a common-law arbitration. There is provision for arbitration under the statute. The fact that the statute provides a method of arbitration does not preclude the parties from entering into an agreement out of court to submit the controversy to arbitration, purely as a common-law arbitration. (*Lillie* v. *Tuttle,* 117 Pac. 896; Ann. Cas. 1913D, 196.) "Arbitration proceedings, even in jurisdictions where the matter is governed by statute, may still be conducted under common-law rules, the only penalty for failure to comply with the statute being the forfeiture of added benefits thereby extended." (2 R. C. L. 353.)

The action was not discontinued by the agreement to arbitrate. "A submission to arbitration will not operate as a discontinuance if it is stipulated therein that an award shall be entered as a judgment of the court." (3 Cyc. 605.) "Wherever the agreement to arbitrate is that judgment shall be entered in a pending suit, neither the submission nor the award operates as a discontinuance thereof." (2 R. C. L. 360.)

The court had no jurisdiction to set aside the stipulation. The agreement of arbitration was an agreement out of court, and the court could take knowledge of the stipulation for judgment only. Fraud and misconduct, even if it existed, could not be proven under a motion to set aside the stipulation. (2 R. C. L. 390; *Keys* v. *Warner,* 45 Cal. 60; *Guild* v. *A. T. & S. F. R. Co.,* 45 Pac. 82.) "A party injured by the misconduct of arbitrators may, in a suit instituted for that purpose, procure a decree setting aside the award." (*Cohn* v. *Wemme,* 81 Pac. 981; *Hartford Fire Ins. Co.* v. *Bonner Merc. Co.,* 44 Fed. 151; *Craft* v. *Thompson,* 51 N. H. 536; *Bumpass* v. *Webb,* 29 Am. Dec. 274; *Muldro* v. *Norris,* 2 Cal. 74.)

"A compromise of the action or a final consent order,

if entered, can be set aside only in a fresh action." (36 Cyc. 1296.)

When the stipulation was called to the attention of the court, there remained nothing to do except the mere ministerial act of the court to enter judgment. It was a mere step from the filing of the stipulation to the judgment, and rights to set aside the stipulation could, if proper, be taken against the judgment. (*People* v. *Davis*, 77 Pac. 651; *People* v. *Temple*, 37 Pac. 414.)

The stipulation filed in the lower court was a contract between the parties, and could not be set aside on any less grounds or for any less potent reason than that necessary to relieve a party from any other contract made for a valuable consideration. (36 Cyc. 1295.) "Rules applicable to construction of contracts generally govern courts in construing stipulations." (36 Cyc. 1291.)

By the Court, MCCARRAN, C. J. (after stating the facts):

**1.** As to the contention of appellant that by entering into the agreement to submit the controversy to arbitration the case was thereby discontinued and dismissed, such is untenable in our judgment. It is not to say that the contention of appellant in this respect is without support in the way of authority, but it would appear to us that the better rule is that the intention of the parties as made manifest by their acts and conduct, together with their intention as set forth in their agreement, must govern in determining the question as to whether or not the case was to be discontinued or dismissed. Where, as here, the submission provides that judgment may be entered on the report or award, such has been regarded as keeping the suit alive for such purpose. (*Ryan* v. *Dougherty*, 30 Cal. 218.) Where, from the agreement for submission or from the acts or conduct of the parties, it appears that they did not intend that the cause should be discontinued, no discontinuance or dismissal will be presumed. (*Jacoby* v. *Johnston*, 1 Hun, 242.) See, also, Lawson's Rights and Remedies, sec. 3322.

In the case of *Wilkinson* v. *Prichard*, 145 Iowa, 65, 123

N. W. 964, Ann. Cas. 1912A, 1259, this very question was considered. There, as here, the court had before it a stipulation providing for the submission of the cause to arbitration while the case was pending at issue in the trial court.

The Supreme Court of Iowa said:

"Where such an agreement has been entered into, and also that judgment shall be entered by the court in which the action is pending, the only fair inference is that the parties intended that the action be continued for the filing of the award and the entry of judgment thereon. True, there was no order or reference, nor was there any entry of dismissal. For all that appeared of record in the case, it was pending up to the entry of the judgment on the award, and both parties so treated it until the final hearing."

Holding to the effect that where an agreement is entered by the parties to a pending suit directing that judgment may be entered pursuant to arbitration and award, neither the submission nor the award operates as a discontinuance of the suit. (*Callanan* v. *Port Huron Ry. Co.*, 61 Mich. 15, 27 N. W. 718; *Wilson* v. *Williams*, 66 Barb. 209.)

In the case of *Hearne* v. *Brown*, 67 Me. 156, it was held that submission to arbitration would not be treated as a discontinuance of a pending suit where by necesssary implication the case is to be retained on the docket until the arbitration is perfected by the award.

The courts generally have held that where a stipulation contains a provision by way of agreement that judgment may be entered on the award, it will be inferred that the parties to the agreement intended thereby to prevent a discontinuance. (*Hearne* v. *Brown, supra; Wilkinson* v. *Prichard, supra; Monroe Bank* v. *Widner*, 11 Paige, 529, 43 Am. Dec. 768; *Wilson* v. *Williams, supra; Rogers* v. *Nall*, 6 Humph. 29; *McCarthy* v. *Swan*, 145 Mass. 471, 14 N. E. 635.)

A mere unexecuted agreement to submit to arbitration, made during the pendency of a suit, has been held as in no wise operating against the further progress of

the pending litigation. (*Wright* v. *Evans,* 53 Ala. 108.) In a jurisdiction having a statute relating to arbitration, and in an instance where the parties entered into an agreement to arbitrate, which agreement did not conform to the statute, it was held that the agreement to arbitrate did not operate as a discontinuance, nor did it divest the court of jurisdiction. (*Cox* v. *Giddings,* 9 Tex. 44.)

To the same effect will be found the cases of *Nettleton* v. *Gridley,* 21 Conn. 531, 56 Am. Dec. 378, and *Dinsmore* v. *Hanson,* 48 N. H. 413. The reasoning in the case of *Dinsmore* v. *Hanson, supra,* is especially applicable to the question here presented under the circumstances of the case.

Commentators in viewing the question here dwelt upon have declared that the majority rule, that is, the rule supported by the majority of the decisions, is to the effect that a ground for the discontinuance of a pending suit is furnished by an agreement whereby the subject-matter of the action is submitted to arbitration. The rule in English courts, whatever it may have been under the very early practice, was reframed at a later date, and we find it expressed by a text-writer on the subject as follows:

"It was formerly holden that a reference to arbitration was an implied stay of proceedings. But, in the begining of Queen Anne's time, a rule was made that no reference whatsoever, of any cause depending in the King's Bench, should stay the proceedings, unless it was expressed in the rule of reference, to be agreed, and all proceedings in this court should be stayed; and it has been frequently decided that the agreement to refer all matters in difference to arbitration is not sufficient to oust the courts of law or equity of their jurisdiction. When a reference is pending, and it has been agreed that it shall operate as a stay of proceedings, it may be made the subject of an application to the court for staying the proceedings until an award be made." (Tidd on Practice of the Courts of King's Bench and Common Pleas, 821.)

As will be seen by reference to the authorities we have

cited, a strong line of decisions, and indeed, as we view it, the better reason, supports the rule that where it is expressly declared in or may be inferred from the agreement to refer that the parties did not intend, by referring their differences to arbitration, to effect a discontinuance or dismissal of the pending suit, such reference will not be construed by the court to effect a discontinuance or ouster of jurisdiction. Whatever diversity of opinion there may be as to the proper rule applicable to cases where the agreement to refer makes no mention as to the entry of judgment, the great trend of opinion will be found to support the rule that where the agreement to refer contains a provision to the effect that judgment shall be entered in the pending suit pursuant to the arbitration, neither the submission nor the award operates as a discontinuance. (2 R. C. L. 360.)

2. The one central question here involved, and the most important, inasmuch as it entails a reversal of the order and judgment of the lower court, is the right and duty of that court to entertain a motion to relieve one of the parties of the effect of a stipulation duly entered into. The stipulation was one which provided for the entry of judgment following submission to arbitration. The suit being one at law, the court held that nothing less than an independent proceeding in equity could relieve the appellant of the effect of his stipulation. In this we must conclude the court erred.

In the case of *Adams* v. *Hartzell*, 18 N. D. 221, 119 N. W. 635, it appears that a stipulation was entered by the parties establishing an agreed statement of facts. The case being submitted upon this speculation, subsequently one of the parties gave notice of motion for an order permitting him to present further testimony in his objection. His motion was supported by affidavit. The court overruled objection and granted the motion. There the court held that while the action of the lower court was erroneous in relieving one party of the force and effect of the stipulation while the other remained bound, it

declared, nevertheless, that under some circumstances such stipulation might be effected in the exercise of a wise discretion and additional evidence be received.

In the case of *Gerdtzen* v. *Cockrell,* 52 Minn. 501, 55 N. W. 58, it appears that the parties had stipulated the terms of a compromise and settlement of their mutual claims as involved in the action and authorized judgment to be entered in pursuance of such stipulation. The court held that it was within the power of the trial court to set aside such agreement and upon a proper showing place the parties in *statu quo* upon motion. Replying to the contention that the agreement and stipulation constituted a contract and therefore could not be set aside summarily upon motion, but could only be determined by a proceeding in equity, the court said:

"The mere form of the instrument sought to be set aside is not, however, controlling. It was a step or proceeding in the cause, and determined the form and amount of the judgment and the final disposition of the case. The effect of the order in question here, as finally made, was to put the parties in *statu quo*, with leave to serve the amended answer. It left the parties free to proceed to a trial upon the merits of the controversy between them, but the proceedings was not a trial of the merits upon motion. It was in principle no different from the vacating or setting aside of any order or stipulation in the action on the ground of mistake or other equitable ground."

In the case of *Butler* v. *Chamberlain,* 66 Neb. 174, 92 N. W. 154, the Supreme Court of Nebraska had this same question before it. In that instance it involved the right of the trial court to relieve a party of a stipulation of fact claimed to have been made improvidently. The court, after a most lucid reasoning, said:

"Therefore it seems to us that the sole question is whether there was an abuse of discretion on the part of the trial court. We think there was. If plaintiff's affidavit be true—and it stands uncontradicted—the stipulation

stands in the way of a recovery by her of a substantial sum, justly due her, in her representative capacity. In the light of that affidavit, the stipulation was improvidently made, and should be set aside, since it does not appear that to do so would work any injustice to the defendant."

In the case of *Keens* v. *Robertson,* 46 Neb. 837, 65 N. W. 897, we find the Supreme Court of Nebraska again passing upon this question under conditions where the parties to a suit pending entered into a stipulation, and placed the same of record, that the decision in the case should be the same as that which might be rendered in another case then pending for trial in the same court. On motion of one of the parties, supported by affidavit, to vacate the agreement, the stipulation was set aside by the trial court. The court in determining the question referred approvingly to the cases of *McClure* v. *Heirs of Sheek,* 68 Tex. 426, 4 S. W. 552; *Porter* v. *Holt,* 73 Tex. 447, 11 S. W. 494, and *Ward* v. *Clay,* 82 Cal. 502, 23 Pac. 50.

In the case of *Barry* v. *Mutual Life Ins. Co. of N. Y.,* 53 N. W. 536, the court of appeals had before it the question of the right of the trial court in an action at law to relieve parties of the effect of a stipulation, made during the course of a trial, as to the entry of an order vital to the issue. The court said:

"It is not an unusual thing to relieve parties from stipulations made in the progress of the action; and courts have always regarded this as within their power, and the exercise of it is frequently necessary to promote justice and prevent wrong."

In support of this conclusion, the court quoted the remark of Mr. Chief Justice Marshall (*The Hiram,* 1 Wheat. 440, 4 L. Ed. 131) as follows:

"If a judgment be confessed under a clear mistake, a court of law will set that judgment aside, if application be made   *   *   *   while the judgment is in its power."

Continuing, the court said:

"Whether the causes assigned were sufficient to justify the court in the exercise of the power was exclusively

for that court to determine; there certainly was not an entire absence of a foundation for the application. It is true, as urged by the appellants, that the stipulation was in the nature of a compact or agreement of the parties, and valid *per se;* but, like other compacts and agreements made in the progress of an action and affecting proceedings in it, it was liable to be dealt with summarily by the court, so long as the parties could be restored to the same condition in which they would have been if no agreement had been made."

In the case of *McClure et al.* v. *Heirs of Sheek*, 68 Tex. 426, 4 S. W. 552, the Supreme Court of Texas held to the effect that agreements of counsel in regard to the trial of a cause are not absolute and are not to be treated as contracts to be enforced under all circumstances. They may be set aside by the courts in the exercise of a sound discretion when their enforcement would result in serious injury to one of the parties and the other would not be prejudiced by such setting aside. In the case of *Porter* v. *Holt*, 73 Tex. 447, 11 S. W. 494, the same court, having before it a case involving a stipulation entered into by attorney yielding up by mistake a substantial defense to the action, held:

"The setting aside of such agreements is ordinarily in the discretion of the courts, and their action will not, as a general rule, be revised. But where the agreement involves something more than a mere matter of practice, and affects the substance of the cause of action or the character of the defense, and it appears that it has been entered into by counsel without a knowledge of the facts, and that its withdrawal will not operate to the prejudice of either party, the motion to set aside ceases to be a matter of mere discretion, and should be granted by the court."

To the same effect was the ruling in the case of *Hancock* v. *Winans*, 20 Tex. 320. In the case of *Meldrum* v. *Kenefick*, 15 S. D. 370, 89 N. W. 522, the court held to the effect that relieving parties from a stipulation is

within the discretion of the court, and would not be reviewed unless such discretion were abused.

In the case of *Vail* v. *Stone et al.*, 13 Iowa, 284, the Supreme Court of Iowa had before it a case involving a stipulation filed by attorney wherein the defendant in a suit for foreclosure of mortgage consented to the rendition of a decree for the amount due on the note and mortgage including interest and costs to be ascertained by the clerk of the district court. Subsequent to the filing of the agreement the defendant filed an answer setting up the payment to the plaintiff of the sum of $400, and that the contract sued on was usurious. The answer was stricken from the files upon the motion of the plaintiff and decree entered upon the judgment. While affirming the action of the lower court in this respect, the supreme court said:

"It is not questioned but that the parties may have such agreement withdrawn or stricken from the files, if it is made apparent to the court that it was obtained in an improper manner."

How applicable this assertion of law may be to the matter here at bar can be learned only from a consideration of the evidence in support of fraud and misconduct of the arbitrators as asserted in the motion.

In the case of *Northern Pacific Co.* v. *Barlow*, 20 N. D. 197, Ann. Cas. 1912c, 763, the Supreme Court of North Dakota, in dealing with the question of a stipulation of fact entered by the parties during the course of a suit instituted for the purpose of quieting title to certain lands, held to the effect that it was proper for the trial court, in the exercise of sound judicial discretion and upon good cause shown and in furtherance of justice, to relieve the parties from the stipulation entered into in the course of a judicial proceeding where the application was seasonably made.

We find all of these cases holding in effect that such agreements are not to be regarded as contracts; and may be dealt with by the court upon a proper showing made within seasonable time; and where the showing is

sufficient, the court, in the exercise of sound discretion, may relieve the parties of the effect.

The case of *Ward* v. *Clay*, 82 Cal. 502, 23 Pac. 50, referred to by the Supreme Court of Nebraska in the Keens-Robertson case, *supra*, is especially illuminative of the subject.  In that case Mr. Justice Vanclief, speaking for the Supreme Court of California, quoted approvingly from the decision of that court in the case of *Richardson* v. *Musser*, 54 Cal. 198, saying:

"There can be no doubt of the power of the trial court to relieve a party from the effects of a stipulation which admits as a fact that which is not true, if the application is made in proper time."

Continuing on the subject, the court said: "The principal purpose of vesting the court with this discretionary power is to enable it 'to mold and direct its proceedings so as to dispose of cases upon their substantial merits,' when it can be done without injustice to either party, whether the obstruction to such a disposition of cases be a mistake of fact or a mistake as to the law, although it may be that the court should require a stronger showing to justify relief from the effect of a mistake in law than in case of a mistake as to matter of fact."

The case of *Ward* v. *Clay, supra*, is again referred to approvingly by the Supreme Court of California in the case of *Robinson* v. *Exempt Fire Co. of San Francisco*, 103 Cal. 1, 36 Pac. 955, 24 L. R. A. 715, 42 Am. St. Rep. 93.

Mr. Black, in his work on Judgments, secs. 297, 303, 321, and 322, sanctions the proposition that it is within the power of the court to vacate a judgment unjustly, improperly, or fraudulently entered; that this power is a common-law power, inherent in the court and possessed by it as a part of its necessary machinery, and can be exercised by it without statutory authority.  See, also, Freeman on Judgments, sec. 99.

In the case of *Mutual Life Ins. Co.* v. *O'Donnell*, 146 N. Y. 275, 40 N. E. 787, 48 Am. St. Rep. 796, the Court of Appeals of New York, having before it the question of an order of the lower court bearing upon a stipulation

entered during the course of a proceeding in foreclosure, held that the party entering such stipulation may obtain relief from the judgment upon a motion in the court wherein it was entered.

The case of *Mutual Life Ins. Co.* v. *O'Donnell, supra,* was cited approvingly by the Appellate Division of the Supreme Court of New York in the case of *Potter et al.* v. *Rossiter et al.,* 109 App. Div. 737, 96 N. Y. Supp. 177.

In Ruling Case Law we find an assertion to the effect that the violation of a stipulation is regarded as a breach of contract for which a separate action will lie, but the court always has power to grant relief in a summary manner upon motion. This statement of the rule is amply supported by authority.

**3.** The motion 'against the entry of judgment filed by appellant in the lower court was supported to some extent by affidavits. It is made manifest that the court neither considered these nor entertained other evidence offered by the appellant. This being true, we do not now assume to determine as to the propriety of relieving appellant of the effect of the stipulation. Had the court received and considered the evidence in support of the motion, and after such consideration refused to set aside the stipulation, another and a different question would be presented here. There can, we think, be no doubt as to the right and power, in fact the duty of a trial court to entertain, and in the exercise of sound discretion to determine, a motion to vacate such a stipulation as that involved in the case at bar. On occasion when a trial court does entertain such a motion and after investigation renders its order or decision on the matter, a court of review, recognizing that the matter is one involving the discretionary powers of the lower court, would rarely disturb such an order or decision except when abuse of discretion is manifest. Without attempting to look into the evidence offered on the motion here, we deem it proper to observe that in matters of this character a granting of such motion where the court in furtherance of justice saw fit so to do would at most only place the parties in *statu quo,*

so that the entire matter might be presented to the tribunal of their first choosing. We do not assume to determine that relief might not have been sought by the appellant through an independent action in equity, but that the motion could be entertained and determined, being one arising out of an action in course of progress, all phases of which, and especially the entry of judgment, were before the trial court, there can be no doubt. The stipulation, its validity, force, and effect were matters properly questionable by the court in which it was of record. If through the avenue of fraud this instrument became a nullity, it had no place in the suit pending, and a judgment entered pursuant thereto would have no more sanctity than the stipulation itself. To say that a trial court could not in furtherance of justice protect itself from entering such a judgment would be to shear the court of a most valuable and effective power.

The order appealed from is reversed, with instructions to the trial court to set aside the judgment and entertain the motion of the plaintiff.

Let the order issue accordingly.