## FRANKS *v.* BATTLES.

### Opinion delivered January 24, 1921.

1. ARBITRATION AND AWARD—AGREEMENT FOR STATUTORY ARBITRATION.—An agreement that the parties to a dispute would submit the testimony of certain witnesses to the court and let the court say whether defendant was guilty, and assess his punishment, whereupon the court should appoint three disinterested men, counsel them and let them hear the testimony, the parties to abide by their decision, was a contract for statutory arbitration.

2. ARBITRATION AND AWARD—COMPLIANCE WITH STATUTE.—A statutory arbitration is abortive where the statute is not complied with.

3. ARBITRATION AND AWARD—JURISDICTION.—An action for damages for assault and battery was not within the jurisdiction of a justice of the peace, under Constitution 1874, article 7, § 40, and a justice of the peace had no jurisdiction to appoint arbitrators under a contract for statutory arbitration.

4. ARBITRATION AND AWARD—CLAIM FOR CRIMINAL ASSAULT.—A claim for damages for assault and battery may be arbitrated under Crawford & Moses' Digest, § 415, although the subject-matter of the arbitration constitutes a violation of the criminal laws of the State.

5. ARBITRATION AND AWARD—COMMON LAW AWARD.—An award under abortive statutory arbitration can not be upheld as a common-law award, the parties not having agreed to that method of arbitration.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*Humphries & LaMore* and *Oscar E. Ellis,* for appellant.

The court below erred in overruling the demurrer of plaintiff and in holding that the defense of an arbitration and award was a complete defense. The parties tried

to have a statutory arbitration and award under our statute. So intending, appellee must now defend this proceeding as a statutory arbitration and award. It is a statutory arbitration and award or nothing and binds no one. 2 A. & Eng. Enc. (2 ed.) 541. The intention was to have such arbitration and award, but it was not good as a statutory proceeding because it was supervised and controlled by a justice of the peace court which had no jurisdiction. Kirby's Digest, § 4552. There must be jurisdiction. *Ib.*, §§ 278, 289; 36 Ark. 316; Kirby's Digest, chap. 5; 2 A. & E. Enc. (2 ed) 650. The arbitration was void. 10 Ark. 560; 2 A. & E. Enc. (2 ed.) 755; 3 Ark. 324; 1 *Id.* 206. This arbitration can not be upheld as a statutory or common law one, for the reason that it is not a legal and binding contract but void, being contrary to public policy. 63 Ark. 318; Anson on Contracts, 242 and note 1; 7 Am. & Eng. Enc. (2 ed.) 121. The construction of this contract is controlled by 53 Ark. 318, and the agreement is void against public policy and the court erred in not sustaining the demurrer.

*Northcutt & Goodwin* and *C. E. Elmor*e, for appellee.

1. There was no error below. There was an arbitration which bound both parties. The provisions of the statute do not repeal the common law, and the arbitration was good and binding without any intervention of any court. 28 Ark. 519; 36 *Id.* 316; 37 *Id.* 348; 44 *Id.* 166; 49 *Id.* 235-7; 68 *Id.* 580.

2. The arbitration is not void for uncertainty as to the subject-matter to be arbitrated. The demurrer admits the facts stated in the second paragraph of the answer..

3. Nor is it void as against public policy.

Smith, J. The appellant, Talmage Franks, filed in the circuit court of Fulton County a complaint against the appellee, Enoch Battles, in which he alleged that the defendant had, on June 19, 1920, assaulted and wounded

him with a knife, and he prayed judgment for damages in the sum of $1,620. To this complaint an answer was filed denying the commission of an unlawful assault.

The second paragraph of the answer contained the following recitals: That the parties to the controversy had entered into the following agreement:

"AGREEMENT.

"July 12, 1920, this agreement entered into between Enoch Battles, party of the first part, and Talmage and Raymon Franks, party of the second part, as follows: Said party of the first part agrees to submit the evidence of Owlen Carroll and Dewey Phillips to the court and let the court from their testimony say of what charge said party of the first part is guilty, and assess his punishment, if guilty; all other witnesses being barred, except at the discretion of the court. After this has been disposed of, if the party of the second part believes they are entitled to damages from the party of the first part, the court is to select three disinterested men, let them qualify as if they were serving as jurors, call for such testimony as they may desire, let the court be their own counsellor, and whatever may be their decision we agree to abide by the same.

"It is further agreed, that this agreement shall remain in the Bank of Viola until settled.

"Enoch Battles, party of the first part.
"Talmage Franks, party of the second part.
"Raymon Franks, party of the second part.

"Subscribed and sworn to before me, this the 12th day of July, 1920.
"(Seal).                "N. J. Baty, Notary Public.

"My commission expires Feb. 7, 1923."

Pursuant to this agreement proceedings were had which are reflected in the following order of the justice of the peace:

"Talmage Franks,

   v.

"Enoch Battles.

"On this the 15th day of July, 1920, Talmage Franks and Enoch Battles filed before me a contract for arbitration, whereas a certain difference has arisen and now exists between them, authorizing me to select three disinterested men and let them qualify as if they were serving as jurors, call for such testimony as they see fit; whatever may be their decision, they agree to abide by the same.

"W. W. Campbell, H. C. Risner and G. P. Keith were selected and sworn by the court according to law, after examining the evidence of both parties, returned the following decision:

"'We, the arbitrators in the above case, have decided that the plaintiff, Talmage Franks, is entitled to no damages against the defendant, Enoch Battles.'

                         "W. W. Campbell,
                         "H. C. Risner,
                         "G. P. Keith.

"Henry Lakey, J. P."

The defendant pleaded this agreement and this order and judgment of the justice of the peace in bar of the suit.

A demurrer to this second paragraph was overruled, as was a motion of plaintiff that the cause be tried upon his complaint and the first paragraph of the answer—the court holding that the second paragraph of the answer recited facts which, if true, constituted a complete defense to the cause of action alleged.

It is quite apparent that the parties contracted for a statutory arbitration of their differences, and that there was an effort to execute that agreement. It is equally obvious that the attempt was abortive, as the statute on the subject was not complied with in several respects. Moreover, the subject to be arbitrated—an action for damages for personal injuries—was not within

the jurisdiction of the justice of the peace. Art. 7, sec. 40, Constitution 1874.

It is first insisted that the subject-matter of the suit could not be arbitrated for the reason that the offense alleged to constitute the cause of action would, if true, also constitute a violation of the criminal laws of the State. But the statute on the subject provides that "all controversies which might be the subject of a suit or action may be submitted to the decision of one or more arbitrators, or to two and their umpire, in the manner provided in this chapter." Sec. 415, C. & M. Digest.

The parties did not undertake to settle the criminal branch of the case. It was expressly left to the court to "assess his punishment, if guilty." In fact, the employment of the language quoted is one of the circumstances in the case which makes it appear, as a matter of law, that the parties contemplated a statutory arbitration through the aid of the justice court, as only a court could punish the misdemeanor.

It is insisted, however, that the award should be upheld as a common-law arbitration, and decisions of this court are cited to the effect that the provisions of the statute for an arbitration and award did not repeal the common law on the subject, and that such awards are good, notwithstanding the provisions of the statute.

It has been said by this court, and by numerous others, that it is the policy of the law to encourage and to uphold settlements of disputes in this manner. But an award can be upheld only as a common-law award, or as a statutory award. It is one or the other. But, for either to be valid, there must be a precedent agreement of the parties to submit to one or to the other. Here the parties, by their written contract, have chosen the statutory method of arbitration. In section 3 of the Articles on Arbitration and Award in 2 R. C. L., page 353, it is said: "But the submission is a matter of contract between the parties, and, therefore, when their minds have met in choosing the statutory method of arbitration, that

method becomes exclusive, and if the submission does not conform to the statute it is not valid as a common-law submission. The principle involved is that the law will never make a contract for the parties, though it will sometimes disregard matters of form in carrying their intentions into effect, as where a bond given pursuant to a statute, if insufficient as a statutory bond, may be upheld as a common-law bond. Subsequent ratification on their part, however, may render an award binding, though it would be otherwise invalid by reason of its noncompliance with the statutory requirements.'' In a note to the text quoted the case of *Wilkinson* v. *Prichard,* 123 N. W. 964 (145 Iowa 65), is cited. This case is annotated in Ann. Cas. 1912-A, page 1259, where many cases on the subject are collected. See, also, Morse on Arbitration and Award, pages 47, 48.

The award, being abortive, did not constitute a defense, and the judgment of the court below will, therefore, be reversed and the cause remanded with directions to sustain the demurrer to the second paragraph of the answer.