## No. 16,507.

ZELINGER *v.* MELLWIN CONSTRUCTION COMPANY.
(225 P. [2d] 844)

Decided December 18, 1950.

Mr. Isaac Mellman, Mr. Abe L. Hoffman, for plaintiff in error.

Messrs. Shuteran, Robinson & Harrington, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

This matter is before us on motion to dismiss writ of error upon the ground, as asserted, that plaintiff in error in the trial court waived right to seek relief in an appellate court, and is estopped thereby.

Defendant in error, to which we shall refer herein as the Company, brought action against plaintiff in error Zelinger to recover damages arising out of a written contract for the construction of a commercial building and to foreclose a mechanic's lien thereon. Zelinger filed

responsive answer and counterclaim. One Schrepferman, a building contractor, was appointed special master to take evidence, make findings of fact and conclusions of law, and report the same to the court, together with a transcript of the evidence. After several days of hearings before the special master, it was orally stipulated and agreed between the parties and their counsel that the entire matter in dispute be submitted to arbitration by the special master as sole arbitrator; that his decision on the facts should be final; that he should make report of his findings of fact and recommendations to the court, and that legal questions might be submitted to the court for decision. It was further agreed to waive the "right of appeal" from the decision of the trial judge.

Pursuant to such stipulation, each of the parties presented detailed written statement of claims; the arbitrator then inspected the building constructed under the contract, determined from such inspection and from other evidence tendered and from his own expert knowledge, the items and amounts of damage and counterclaim, and made detailed findings and recommendations to the court.

Upon the filing of said findings, which were denominated "Findings of Fact," but included also certain conclusions of law, as well as recommendations as to the allowance and amount of allowance of each claim and of the amount for which judgment should be entered, the court ordered "that October 8, 1949, be set as the date for the Court to approve the same." Thereafter it was ordered that the cause be "set for hearing on October 17, A.D. 1949," on which date Zelinger filed motion to rescind the order of reference and strike from the files the findings of fact by the special master and set the case down for trial, upon the ground that the order was improvidently entered and contrary to the rules of civil procedure and that the proceedings were contrary both to the order and the rules. This motion was heard on the date of its filing and, on October 21, 1949, was

denied. On October 27, 1949, the court entered further order that the special master's findings of fact be approved and on the same date, upon motion of Zelinger, it was ordered "that defendants deposit $350.00 in the Registry of the Court for the balance of costs of reporter's transcript," and "that the issuance of execution herein be, and the same hereby is, stayed until the 26th day of November, A.D. 1949, and defendants are granted permission up to that time to file petitions for rehearing."

Thereafter on November 18, 1949, Zelinger filed "Motion for Extension of Time in Which to File Objections to 'Findings of Fact By the Special Master,'" reciting that the transcript of the evidence taken before the special master had been ordered and payment therefor deposited in the registry of the court, but that it had not yet been received, and that it was necessary to have and study such transcript in order to prepare objections to the findings of fact. November 21, 1949, the court entered the following order: "Upon application of defendant, without prejudice to the words used in the motion for an extension of time, or former orders and findings of the Court, the Court extends the time heretofore set as November 26, 1949, up to and including December 23, 1949, * * *."

On November 29, 1949, the reporter's transcript of proceedings before the special master was filed. Thereafter Zelinger filed "Motion for Extension of Time in Which to File Objections to 'Findings of Fact By The Special Master,'" upon the ground that the transcript of evidence before the master consisted of 567 pages of detailed technical testimony; that the exhibits were voluminous and technical in character, and that counsel had not had opportunity for proper study of the same. This motion was denied on December 21, 1949, and thereupon the court ordered "that Arbitrator and Special Master's report the judgment of Court, and orders attorney for plaintiff to prepare and submit for the

Court's approval and signature a written Decree and Judgment." On December 23, 1949, Zelinger filed "Objections To The So-Called 'Findings of Fact By the Special Master,'" which consisted of fifty-six specific objections, including objections both to findings of fact and to legal conclusions of the arbitrator.

On January 14, 1950, Zelinger filed motion that the cause be reassigned to another judge, on the ground that during a hearing in open court, on December 21, 1949, the judge to whom the case was assigned had stated "that he had participated with 'Special Master' Chester M. Schrepferman in the preparation of a document entitled 'Findings of Fact by the Special Master,'" and that thereby he became biased in its favor and could not impartially render judgment thereon. On the same day the matter came on for hearing and the court first signed written findings and entered judgment in the total sum as recommended in the findings of fact of the special master and arbitrator in favor of the Company and against Zelinger; then stayed execution for thirty days, and finally granted the motion for reassignment of the cause.

On January 20, 1950, Zelinger filed his motion to set aside the judgment upon the grounds, inter alia, that upon the filing of motion for reassignment the trial judge lost jurisdiction to enter the judgment pending ruling on said motion; that the judge having disqualified himself upon motion had no jurisdiction to enter the judgment; that no hearing was held nor opportunity for hearing afforded on this defendant's objections to the so-called findings of fact upon which the judgment is based, but the said findings were approved and judgment ordered in accordance therewith arbitrarily and summarily, and contrary to law despite this defendant's protest. On January 31, 1950, the Company filed motion to strike the motion to set aside the judgment, on the ground that, by stipulation of the parties it was agreed that the decision of the arbitrator should be final as to

facts; that legal questions should be determined by the trial judge, and that all parties expressly waived "right of appeal" from the decision of the trial court. Thereafter the matter came up for hearing by reassignment before Honorable Joseph E. Cook, who said: "This case comes in here now without the court knowing anything of the background of the case. I don't think this court is competent to make a ruling. I am not in a position now, without knowing the background, without any knowledge of what went on and what the details between the master and counsel and any of the parties were. I don't feel, from the state of the record as it now stands that I should sit in the matter at all." Thereupon, being urged by counsel for the Company for a ruling "for the purpose of further proceedings to the appellate court," the court said: "I will rule on the motion. As far as the court is concerned, the motion to strike is granted." Thereupon motion for rehearing was dispensed with; execution was stayed, and in due time writ of error was issued by our court, dismissal of which is now sought.

In usual course, a motion to dismiss writ of error requires only a denial or granting of the motion. Here, the parties have seen fit to file printed briefs with full discussion of issues involved so that our court necessarily is advised as to the issues, and, to facilitate the final determination of the case, we have elected to go beyond a formal ruling on the motion.

Zelinger, in his brief, presents several grounds why it is urged he is not here estopped by the stipulation as to finality in the district court. These we shall discuss.

■ It is urged that the reference of the case to a master was void for the reason that it was made without showing of an exceptional condition requiring it, which is necessary under Rule 53(b), R.C.P. Colo. That position is not well taken for the reason that, subsequent to such appointment the parties made voluntary stipulation that the master should act as arbitrator, and he continued

in the case in the latter capacity rather than in the former.

 ██ It is contended that the "Findings of Fact by the Special Master" were invalid for the reason that he failed to comply with the order of reference. Again the answer is that he acted, not under the order of reference, but under stipulation of the parties, as arbitrator, whereunder, by agreement of the parties, informal procedure was adopted and his report of findings was made to the court. True, the arbitration for which provision was made in the stipulation was not arbitration under the provisions of Rule 109, R.C.P. Colo., and consequently is not a statutory arbitration; but, as we have frequently held, it is nonetheless valid. *Lilley v. Tuttle,* 52 Colo. 121, 117 Pac. 896. Further, it was not the ordinary common-law arbitration, in lieu of an adjudication in court. It rather provided for arbitration within the framework of the pending litigation, whereunder the arbitrator assumed only the functions of the trier of fact, and informal proceedings as to evidence were agreed upon, with provision that the pending action should not be dismissed, but that the findings of fact by the arbitrator should be submitted to the court, who should thereupon make his conclusions of law and enter proper judgment in the pending suit. Such agreement is valid and the case is not thereby discontinued. *Perrigo Gold Mining & T. Co. v. Grimes,* 2 Colo. 651; *Nelson v. Reinhart,* 41 Nev. 69, 167 Pac. 690.

 It is urged that the stipulation to waive the "right of appeal" past the decision of the trial judge was not a waiver of right to seek a review on writ of error. This is quibbling. Since the only right of review from the decision of the trial court was technically on error rather than by appeal, when the parties agreed "to waive the right of any appeal past the decision of Judge Lindsley," that agreement could have had no other meaning than that the parties would accept his decision upon matters of law as final.

It also is contended that the participation of the trial judge in the preparation of the findings of fact disqualified him from rendering judgment; that upon filing of motion for reassignment based on such alleged disqualification, the trial judge no longer had jurisdiction to render judgment, and that in such case the question of invalidity may be raised in the reviewing court despite a stipulation not to appeal. However, the record contains no showing by affidavit as to the asserted action of the court. There appears only the statement of counsel in the motion for reassignment, as hereinabove set out. It does not appear that the participation of the trial judge had been to the extent of creating prejudice in examining and determining issues of law which might be involved therein, and we find no ground therein for disqualification of the judge under Rule 97, R.C.P. Colo., or otherwise. Whether the granting of the motion for reassignment was an admission of prejudice, and consequently required reassignment before judgment, if at all, we need not determine.

However, we cannot overlook the fact that under the stipulation made during the trial, Zelinger specifically reserved the right to refer questions of law to the court. During the hearings the arbitrator mentioned certain questions of law which he thought should be referred to the court, and such questions appear in the objections to the findings of fact filed in Zelinger's behalf. The right to have questions of law referred to and decided by the court postulates the right to be heard on such questions before the court, and the record discloses that such right was not accorded. Among other things, it appears that the findings of the arbitrator were filed on September 27, 1949, and the matter set for hearing on October 17, 1949; that the findings of the arbitrator covered sixty-two separate claims in connection with the building contract, and a study thereof might properly require a transcript of the evidence taken before the arbitrator. A motion to rescind the order of

reference was filed on the date set for hearing, and promptly upon its denial, on the 27th day of October, when the transcript of evidence was not yet available, and on the same date that the court ordered defendants to deposit $350.00 in the registry of the court for payment of the balance of its cost, the court apparently—as alleged by Zelinger's counsel—without notice, entered an order approving the findings of fact and ordered stay of issuance of execution, although no judgment had been entered upon which execution could issue. When Zelinger made application for extension of time in which to file objections to the findings of fact, on the ground that the transcript of the evidence had been ordered and paid for, but not yet received, such application was ostensibly granted in words which tended to conceal the fact that the court already had acted thereon, but which, notwithstanding, might be construed as consistent with such fact. Thereafter on December 21, 1949, although the time theretofore granted for filing objections had not yet expired, the court ordered judgment on the findings of the arbitrator. Two days later, within the time previously granted therefor, fifty-six objections to the report of the special master and arbitrator were filed and, without any pretense of hearing or ruling thereon, the trial judge signed written findings and entered formal judgment confirming the master's report, and then, and only then, granted Zelinger's motion for reassignment, on the ground that he was disqualified. Thereby Zelinger's petition for rehearing was transferred for hearing before another judge, who knew nothing of the case, who protested its assignment to him for that reason, and who denied the petition without consideration or hearing. Zelinger thus was foreclosed of hearing by the trial court, both on his objections to the report of the arbitrator and on his petition for rehearing. Such proceedings were not consonant with judicial decorum.

The judgment is reversed and the case is remanded with instructions that the trial court hear and impar-

tially determine any questions of law which may be raised by Zelinger in connection with the report of the special master and arbitrator and the decision of issues presented thereby.