No. 16,976.

Mellwin Construction Company *v.* Zelinger.

(259 P. [2d] 612)

Decided June 29, 1953.

1

Messrs. SHUTERAN, ROBINSON & HARRINGTON, for plaintiff in error.

Mr. ISAAC MELLMAN, Mr. ABE L. HOFFMAN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFF in error, to which we shall refer herein as plaintiff, brought action against defendant in error, Zelinger, hereinafter referred to as defendant, or by name, to recover on a written contract for the construction of a commercial building. Defendant filed a responsive answer and counterclaim, asserting defective construction of the building and a failure to comply with the plans and specifications. One Schrepferman, an experienced building contractor, was appointed a special master to take evidence, make findings of fact and conclusions of law and report same to the trial court. After some time was spent in a hearing before the master, it was agreed by all parties concerned to submit the entire matter in dispute to arbitration by the special master; that the master should make report on his findings of fact and make recommendations to the trial court; and that the legal questions, if any, be submitted to the court for decision. It was also stipulated that "the right of appeal" from the decision of the trial judge was waived. Accordingly the master made his findings, submitted same to the trial court and same were approved without a hearing and over the objection of defendant. Zelinger, being dissatisfied, sued out a writ of error; and plaintiff contended that he was estopped to bring the cause here because of the waiver of "right of appeal."

In due course the case came to this court by writ of error sued out by Zelinger. We reversed the judgment and remanded the case with instructions to have the trial court hear and impartially determine any questions of law raised by Zelinger in connection with the report of the master. *Zelinger v. Mellwin Construction Company,* 123 Colo. 149, 225 P. (2d) 844.

When the remittitur was received by the trial court, Judge Lindsley, who heard the original case, was sitting as a judge in one of the divisions of the Denver District Court assigned for the trial of criminal cases and he declined to act. The judge who had taken over the division of the court where Judge Lindsley had previously presided heard the objections filed by Zelinger and entered judgment against Zelinger in the sum of $2,500.00 for the balance due plaintiff on account of services rendered and materials furnished in the construction of the building in question. Plaintiff brings the case here on writ of error specifying as points for reversal: 1. That Judge Steele, who succeeded to the bench of Judge Lindsley, had no right or authority to vacate or modify the judgment theretofore entered by Judge Lindsley. 2. That the trial judge erred when he based his decision on the quantum meruit theory. 3. That the trial judge acted on a partial record.

It is not disputed that even before the remittitur from this court was received by the trial court, counsel for plaintiff sought a hearing on the objections of the arbitrator's report, and being unable to enlist the services of Judge Lindsley had the matter set before Judge Steele, and made no objection to a hearing before Judge Steele until after he had rendered his decision on all matters involved in the case; in fact from the record before us, we must conclude that the first time counsel objected was in their opening brief in this court.

It is well known that the judges of the Denver District Court are from time to time assigned to other divisions of that court and when, as in the instant case,

a matter is remanded to the trial court, it may be tried or heard before any qualified judge assigned to the division in which the case was theretofore pending. Failure of counsel to object to Judge Steele hearing this case waived their right to urge his disqualification in this court. From the record brought here we must conclude that the plaintiff induced Judge Steele to hear and decide the questions of law and apparently because his determination was not to plaintiff's liking, it appears to us unseemly for it now to protest the action of the judge it enlisted to hear and determine the case. Judge Steele did not set aside any judgment of Judge Lindsley. He conformed to the order of this court. We set aside the judgment of Judge Lindsley and directed a hearing on questions of law. We find no error in the fact that Judge Steele heard this case rather than Judge Lindsley.

We find the other specifications of points without merit. However, plaintiff is precluded from urging these because of the stipulation entered into in open court, wherein plaintiff and defendant agreed to "waive the right of any appeal past the decision of" the trial judge.

In *Zelinger v. Mellwin Construction Co.*, supra, reference is made to this stipulation. We quote this significant language: "It is urged that the stipulation to waive the 'right of appeal' past the decision of the trial judge was not a waiver of right to seek a review on writ of error. This is quibbling. Since the only right of review from the decision of the trial court was technically on error rather than by appeal, when the parties agreed 'to waive the right of any appeal past the decision of Judge Lindsley,' *that agreement could have had no other meaning than that the parties would accept his decision upon matters of law as final.*" (Emphasis supplied.)

In the original case in this court counsel for plaintiff made this statement in their brief: "A stipulation made in a trial court prior to judgment by both parties to the litigation to waive the right of review by an appellate

court is valid and enforceable. It should be given effect as a matter of public policy to discourage continued and unwarranted litigation. Sound ethics and morals demand that the stipulation be enforced."

Again, counsel for plaintiff made this statement in their brief in the original case: "There is actually only one issue before the court at this time. That issue is: Did Zelinger waive all of his rights to have reviewed any issues in this case by an appellate court? * * * Succinctly we have this situation — Zelinger waived his right to appear in this court — he should be held to comply with his agreement — an agreement which he does not deny. Alas, he cannot deny because the record shows it conclusively."

This agreement to waive the right of appeal was not a one-sided agreement. Both parties so stipulated and the agreement is binding upon each of them. No question is here presented that the trial court was without jurisdiction.

We conclude that where as in the instant case the parties stipulate to waive any appeal "past the decision" of the trial judge, if the trial court has jurisdiction of the parties and the subject matter, the parties will be bound by their stipulation and we will not review its decision. Having so agreed in person and through counsel, the judgment as pronounced by Judge Steele is final and not subject to review in this court.

The judgment is affirmed.