**1074**

Fred M. HART, Plaintiff,

v.

ORION INSURANCE COMPANY LIM-
ITED, a corporation, Defendant.

Civ. A. C–1293.

United States District Court,
D. Colorado.

Dec. 14, 1970.

Maley & Schiff, by John T. Maley,
Denver, Colo., for plaintiff.

Blunk & Johnson, by Forrest S.
Blunk, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

While the legal issues which this litigation presents are not complicated, the case certainly has traveled by a complicated route. The troubles of plaintiff Hart, a resident of Colorado and a former commercial airline pilot, began in 1967, when he was injured while flying for Frontier Airlines. Because of a condition resulting from these injuries, the Federal Aviation Commission would not renew plaintiff's first-class pilot license. In addition, defendant Orion Insurance, an English company, refused plaintiff's demand for the face amount of his occupational disability insurance policy on the ground that plaintiff had not become permanently disabled. The insured and Orion made some effort to arbitrate their dispute by choosing "medical referees" as provided in the insurance contract. Plaintiff appointed a Denver, Colorado, physician and defendant chose a doctor from the Mayo Clinic in Rochester, Minnesota. However, arbitration failed to get underway because plaintiff refused to travel to

Rochester for a medical examination and the Mayo Clinic doctor declined to travel to Denver. This was the state of affairs when plaintiff brought suit in this court claiming that he was entitled to the face amount of the insurance policy and that arbitration had failed because of the wrongful behavior of defendant's referee.

After some preliminary skirmishing defendant moved that plaintiff be required to submit to a medical examination at the Mayo Clinic prior to any further court disposition. The court denied this motion but did order plaintiff to submit to examination by a doctor of defendant's choice in the Denver area. Thereafter, the court granted defendant's motion to stay the proceeding pending compliance with the arbitration procedures set forth in the insurance policy. The order contained three findings: that the arbitration procedure had not been exhausted, that defendant's choice of a Mayo Clinic doctor was made in good faith and could not be construed as a breach of the arbitration agreement and that plaintiff could not be required to leave the Denver area for the purpose of examination by defendant's referee. Plaintiff appealed the court's order and the tenth circuit affirmed our decision. 427 F.2d 528 (10th Cir. 1970).

The parties then launched an arbitration, but it was barely underway when a disagreement developed over the correct procedure. Plaintiff argued that arbitration should be conducted with a hearing and opportunity for the submission of testimony, as provided by the federal or Colorado rules for arbitration. Defendant contended that the method provided in the insurance policy should control. The court resolved this disagreement in favor of the defendant, since the policy clearly stated that determination of plaintiff's disability was to be made solely by medical referees chosen as specified in the agreement.

The medical referees met and issued an opinion concerning plaintiff's condition, whereupon plaintiff moved that the court render judgment in his favor and defendant moved that the court accept the arbitration decision and enter judgment in its favor. We determined to treat both motions as motions for summary judgment and gave each party additional time to file briefs and other supporting matter. That time has passed and the motions for summary judgment are now ripe for resolution. For the reasons stated below, we find in favor of the defendant.

■ The letter from the two medical referees reads as follows:

> On this date and with no other person present, we the undersigned, reviewed, discussed and summarized the medical case of Fred M. Hart, with particular emphasis on any physical disability as it relates to the performance of his duties as a pilot.

> We agree that Mr. Hart does not have significant disease to a degree that would preclude his performing his occupation as a professional pilot.

> We agree and recommend that, due to the length of time that he has been absent from flying, he be given a period of rehabilitation in aircraft training, perhaps to begin with as an Engineer or Second Officer. This would allow him, as he attempts to transition to jet aircraft, to re-acclimate to the aviation environment and possibly progress on to a higher position.

Plaintiff argues that this letter supports his position that he is permanently disabled from performing as an airline captain and from obtaining a first-class pilot license. We disagree. The medical referees are clearly of the view that plaintiff is not precluded by his physical condition from attaining once again the position of captain. Their judgment that he should begin duty as an engineer or second officer is based upon his absence from flying, not his physical condition.

The fact that plaintiff may be unable to resume his position immediately does not mean that he is permanently disabled within the meaning of that term as used in the insurance policy. The policy provides that Orion will pay the face

value if the insured sustains any accidental bodily injury which permanently prevents him from carrying on his occupation. "Permanently prevented" and "occupation" are defined as follows:

1. A Captain will be considered permanently prevented from carrying on his occupation if after twelve months of continued and uninterrupted suspension from flight status as a Captain he is permanently prevented from carrying on his occupation as Captain as a result of disability in the opinion of independent medical referees to be appointed as hereinafter provided.

A Captain who is permanently prevented from carrying on his occupation as a Captain as a result of such disability in the opinion of the aforesaid independent medical referees shall be considered as permanently prevented from carrying on such occupation even if he is able to continue flying as a co-pilot.

It is clear to us that the referees did not find such a disability in this case.

■ Plaintiff also asserts that the referees' finding with respect to "disease" is not inconsistent with permanent disability due to "injury" or "illness," two other conditions for which recovery is permitted in the policy. Again we disagree. As plaintiff himself noted in his motion for summary judgment, the basis upon which he was refused a first-class license was "cervical degenerative arthritis with rediculitis." This disease is the only basis upon which plaintiff has claimed permanent disability. Furthermore, the context in which the referees use the term "disease" indicates that it refers to any physical condition which might permanently prevent plaintiff from performing as a pilot. Plaintiff has not suggested that his own referee lacked important medical information or withheld the same or that the investigation was for any other reason faulty.

In his motion for summary judgment plaintiff makes other claims which are difficult to analyze. He asserts that his medical referee is the same physician who had previously refused to renew plaintiff's license and who had allegedly found that "plaintiff's chronic condition * * * would never improve enough for plaintiff to return to his occupation of professional flying." Plaintiff further asserts that, after the arbitration opinion had been rendered, he asked each of the referees to issue to him an "airman's medical certificate" as a captain and that each had refused: defendant's referee on the ground that plaintiff's doctor should handle the matter and plaintiff's doctor on the ground that he was referring the case to the Federal Aviation Administration.

■ While we agree that these circumstances, which defendant does not deny, are disconcerting, they clearly do not belong in a motion for summary judgment in plaintiff's favor. At most, they might be construed as arguments against giving final effect to the decision of the arbitrators and thus against granting defendant's summary judgment motion. However, the rule in Colorado is that the outcome of a common law arbitration is binding upon the parties, at least in the absence of fraud, duress, mistake or other ground which would justify equitable relief. *See* Lilley v. Tuttle, 52 Colo. 121, 117 P. 896 (1911), *quoted with approval in* Zelinger v. Mellwin Construction Co., 123 Colo. 149, 225 P.2d 844 (1950); *see generally* Colo. Digest (1968); *cf.* Colo. Rule of Civil Procedure 109. Plaintiff has not alleged any legal basis whatever for invalidating either the arbitration decision or the contract between himself and defendant. Whatever difficulties may exist between plaintiff and his own referee, it is not alleged that they are the product of wrongdoing or error which would justify this court's intervention. In these circumstances we regard ourselves as bound by the decision of the medical referees.

It is therefore

Ordered that plaintiff's motion for summary judgment be and the same hereby is denied. It is further

Ordered that defendant's motion for summary judgment be and the same hereby is granted.