Fred M. **HART**, Plaintiff-Appellant,

v.

**ORION INSURANCE COMPANY** Limited, Defendant-Appellee.

No. 71–1100.

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1971.

John T. Maley, Denver, Colo. (Robert A. Schiff, Denver, Colo., on the brief), for plaintiff-appellant.

George E. Johnson of Blunk & Johnson, Denver, Colo., for defendant-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In 1967, while piloting an airplane as a captain for Frontier Airlines, plaintiff-appellant sustained injuries. Thereafter, he was unable to pass the required physical examination and the Federal Aviation Administration refused to renew his first class pilot's license. He had an occupational disability policy with the defendant-appellee. His demand for payment of the policy amount was denied. A dispute ensued over the arbitration provisions of the policy. In 1969, he brought the instant suit and the court stayed proceedings pending compliance with the arbitration provisions of the policy. The insured appealed from the stay order and we dismissed the appeal on the ground that the order was not appealable. Hart v. Orion Insurance Company, 10 Cir., 427 F.2d 528. On remand, arbitration proceeded and resulted in a decision adverse to insured. The court granted summary judgment for the insurer, D.C., 319 F.Supp. 1074.

Condition 1 of the policy allows recovery by a captain if "he is permanently prevented from carrying on his occupation as a Captain as a result of disability in the opinion of independent medical

referees to be appointed as hereinafter provided." Condition 3 requires the referees to be medical practitioners and states the method of appointment. Condition 14 provides for suit in the event of the failure of the insurer to pay.

■ The first problem is the enforceability of the arbitration provisions. At the time of policy issuance the insured lived in Montana, where the policy was negotiated and delivered. The policy was accepted by the insurer in Illinois. The suit was brought in Colorado where the insured was then domiciled. We deem it unnecessary to decide where the contract was made, what state law governs, or what that state law is. The insured chose to bring this diversity action in federal court. If interstate commerce is involved, federal substantive law controls the issue of enforceability, Necchi Sewing Machine Sales Corp. v. Carl, S.D. N.Y., 260 F.Supp. 665, 667. See also Younker Brothers, Inc. v. Standard Construction Co., S.D.Iowa, 241 F.Supp. 17, 18.

The Federal Arbitration Act provides, 9 U.S.C. § 2, that:

"A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

■ The situation presented involves commerce because of the Montana application, the Illinois acceptance, and the Montana delivery. The problem is the effect of the Arbitration Act in view of possible conflict with the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq. Prior to United States v. South-Eastern Underwriters Association, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, it was assumed that issuing an insurance policy was not a transaction of commerce. South-Eastern Underwriters held that interstate insurance transactions were subject to

federal regulation under the Commerce Clause. In the McCarran-Ferguson Act, Congress declared that "the continued regulation and taxation by the several States of the business of insurance is in the public interest." 15 U.S.C. § 1011; see also Securities and Exchange Commission v. National Securities, Inc., 393 U.S. 453, 458, 89 S.Ct. 564, 21 L.Ed.2d 668, and Prudential Insurance Co. v. Benjamin, 328 U.S. 408, 429, 66 S.Ct. 1142, 90 L.Ed. 1342.

The McCarran-Ferguson Act provides, 15 U.S.C. § 1012(b),

"No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, * * * unless such Act specifically relates to the business of insurance: * * *."

■ To avail himself of the McCarran-Ferguson Act, the insured must show that the Federal Arbitration Act invalidates, impairs, or supersedes a state law regulating the business of insurance. Hamilton Life Insurance Company of New York v. Republic National Life Insurance Company, 2 Cir., 408 F.2d 606, 611. None of the provisions of the Montana, Illinois, and Colorado statutes to which our attention has been called regulate the business of insurance. Instead, they are laws of general application pertaining to the method of handling contract disputes. See Hamilton, supra, at 611. Accordingly, the McCarran-Ferguson Act does not bar the application of the Federal Arbitration Act and the arbitration provisions are enforceable in the case at bar.

■■ The insured says that if the arbitration provisions are enforceable, the insurer waived its right thereto. In view of the overriding federal policy favoring arbitration, waiver is not lightly inferred. Carcich v. Rederi A/B Nordie, 2 Cir., 389 F.2d 692, 696. Reliance is first had on the insurer's appointment of a Rochester, Minnesota, doctor as its medical referee. The insurer offered to

pay the insured's expenses to that city and the insured refused to go. An exchange of letters emphasized the desire of the doctor to make the examination at a point where the facilities of the Mayo clinic in Rochester were available. The court found that the appointment of the doctor was done in good faith by the insurer and that there was no waiver of arbitration. The finding is not clearly erroneous and is sustained by the record.

■ The next argument is that the filing of an answer on the merits precluded the insurer from asserting failure to exhaust the arbitration provisions. The filing of an answer on the merits does not automatically exclude resort to arbitration. E. g. General Guaranty Insurance Company v. New Orleans General Agency, Inc., 5 Cir., 427 F.2d 924, 929. The question of waiver turns on the presence or absence of prejudice. Carcich v. Rederi A/B Nordie, supra, at 696. The answer included a demand for arbitration. We find no prejudice to the insured and no waiver of arbitration.

■ Policy Condition 14 relating to court actions is said to be inconsistent with Condition 3 relating to arbitration. We find no inconsistency. The purpose of Condition 14 is to ease possible burdens which the insured might encounter in obtaining jurisdiction over the insurer, which is incorporated under the laws of England and has its principal place of business in London. The assent of the insurer to jurisdiction does not prevent it from raising a defense based on policy terms.

■ Error is asserted because of the court's denial of a request for an evidentiary hearing in the arbitration proceedings. The validity and interpretation of arbitration clauses affecting interstate commerce are governed by federal law. Robert Lawrence Company v. Devonshire Fabrics, Inc., 2 Cir., 271 F. 2d 402, 409, cert. dismissed 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37, cf. Standard Magnesium Corporation v. Fuchs, 10 Cir., 251 F.2d 455, 458. Arbitration differs radically from litigation, and one who chooses it must be content with its informalities and looser approximations as to the enforcement of their rights. Compania Panemena Maritima San Gerassimo v. J. E. Hurley Lumber Company, 2 Cir., 244 F.2d 286, 289–290. The policy says nothing about a hearing. The referees were required to be "medical practitioners experienced in medical examinations of scheduled airline flying personnel." These men were reasonably designated because of their expertise in, and knowledge of, the subject matter which they were to evaluate. The exercise of that expertise does not require an evidentiary hearing. Cf. Continental Materials Corporation v. Gaddis Mining Company, 10 Cir., 306 F.2d 952, 956.

■ After our remand, the insurer appointed a Denver, Colorado, doctor as its referee. He and the referee chosen by the insured signed a joint report which was dated September 23, 1970, and said:

"We agree that Mr. Hart does not have significant disease to a degree that would preclude his performing his occupation as a professional pilot.

We agree and recommend that, due to the length of time that he has been absent from flying, he be given a period of rehabilitation in aircraft training, perhaps to begin with as an Engineer or Second Officer. This would allow him, as he attempts to transition to jet aircraft, to re-acclimate to the aviation environment and possibly progress on to a higher position."

Insured argues that the effect of the report is that he is not physically qualified as a captain. As the trial judge said: "Their judgment that he should begin duty as an engineer or second officer is based upon his absence from flying, not his physical condition."

■ The insuring agreement of the policy covers bodily injury, sickness, or disease. The insured argues that the report is defective because it covers only disease and does not mention the other

two conditions. In his motion for judgment he alleged that the FAA reason for refusal of license renewal was "cervical degenerative arthritis with rediculitis." So far as the record shows he claimed no other physical disability. We agree with the trial court that, in the context in which the referees used the word "disease," it refers to any physical condition which might permanently prevent the insured from continuing as a pilot. In our opinion the referees did not abuse the trust confided in them and their decision must stand. Cf. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

Affirmed.