958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMONWEALTH ENTERPRISES; Panorama Enterprises; Arthur
Blech, Plaintiffs-Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. CA 91-55892.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1992.*
Decided March 27, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Commonwealth Enterprises appeals the district court's denial of its application to confirm an arbitration award. The district court held that the Federal Arbitration Act, 9 U.S.C. § 1-14 (1988) ("FAA"), applies to the parties' arbitration agreement. It further held that the FAA does not provide for confirmation of this award because the parties did not agree that a judgment of a court would be entered upon the award. We affirm.
 
 
 3
 I. Does the FAA Apply to the Arbitration Agreement?
 
 
 4
 Liberty Mutual argues that the district court was correct in concluding that the FAA applies, because it covers "[a] written provision in ... a contract evidencing a transaction involving commerce ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract." 9 U.S.C. § 2. We agree. The arbitration agreement between Commonwealth and Liberty Mutual clearly falls within this description, as it is an agreement to submit to arbitration the dispute over the insurance contract.
 
 
 5
 Because the contract comes within the scope of the FAA, federal law governs all questions of its construction and enforceability. The FAA "creates 'a body of federal substantive law of arbitrability,' enforceable in both state and federal courts and preempting any state laws or policies to the contrary." Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 285 (9th Cir.1985) (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983)).
 
 
 6
 None of Commonwealth's three arguments against application of the FAA is supported by either the FAA or cases construing it. With respect to Commonwealth's first argument, Commonwealth is able to cite no cases holding that an insurance contract is not a "transaction involving commerce," 9 U.S.C. § 2, and there appear to be none. Every court faced with the application of the FAA to an insurance contract has concluded that the FAA does apply. See, e.g., Hart v. Orion Insurance Co., 453 F.2d 1358, 1360 (10th Cir.1971); Nationwide Mutual Insurance Co. v. Patterson, No. 89-8796, 1991 WL 96677, at * 2 1991 U.S.Dist. LEXIS 7460, at * 5 (E.D.Pa. May 28, 1991). In this case, the district court found that, because Liberty Mutual and Commonwealth were domiciled in Massachusetts and California, respectively, the insurance contract satisfies the interstate commerce requirement of the FAA.[1] We accept the district court's reasoni
ng.
 
 
 7
 Commonwealth's second argument is that, because the McCarran-Ferguson Act, 15 U.S.C. § 1011-12 (1988), states that federal laws shall not "be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance," it prohibits the FAA from interfering with insurance contracts. The problem with this argument is that Commonwealth has failed to cite any state law that the FAA would "invalidate, impair, or supersede." Id. Furthermore, with the exception of one case that states that the McCarran-Ferguson Act removes insurance contracts from the purview of the FAA, every other court that has addressed the issue has found that the McCarran-Ferguson Act does not limit the application of the FAA. Compare Booth v. Seaboard Fire & Marine Insurance Co., 285 F.Supp. 920 (D.C.Neb., 1968), rev'd in part, 431 F.2d 212 (8th Cir.1970) with Hart, supra and Hamilton Life Insurance Co. v. Republic National Life Insurance Co., 408 F.2d 606, 611 (2nd Cir.1969) and Miller v. National Fidelity Life Insurance Co., 588 F.2d 185, 187 (5th Cir.1979). We follow the weight of authority and conclude that the FAA applies to insurance contracts, unaffected by the McCarran-Ferguson Act.
 
 
 8
 Commonwealth's third argument against application of the FAA is based on Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468 (1989). That case held that the FAA does not preempt state arbitration rules if the parties expressly agree that state law is to govern. But here, as the district court found, "the arbitration agreement contains no choice of law provision and there is nothing to indicate that the parties intended the agreement to be covered by California law." We therefore reject Commonwealth's argument, and conclude that the FAA applies to the arbitration agreement.
 
 
 9
 II. Did the District Court Correctly Apply the FAA in Denying Commonwealth's Motion to Confirm the Arbitration Award?
 
 
 10
 Section 9 of the FAA, 9 U.S.C. § 9, states that a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." Commonwealth dismisses this section as a mere venue provision. The few cases that have addressed this issue, however, have interpreted the language quoted above as "provid[ing] that confirmation of an arbitration award is appropriate only where the parties 'in their agreement have agreed that a judgment of the court shall be entered upon the award.' " Varley v. Tarrytown Associates, Inc., 477 F.2d 208, 210 (2nd.Cir.1973) (quoting 9 U.S.C. § 9); accord Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2nd Cir.1985), cert. denied, 475 U.S. 1067 (1986). We accept that view.
 
 
 11
 The sole remaining question, then, is whether the parties so agreed. The district court found that nothing in the contract indicated that a court judgment would be entered upon the award. Indeed, the agreement did not even specify that the award would be "final" or "binding." The district court also found that the parties' use of the word "appealable" was ambiguous. Commonwealth disputes these findings, but the record supports them.[2]
 
 
 12
 Commonwealth's only asserted basis for this position is the agreement's provision that "[t]he arbitrator's decision be appealable and Liberty Mutual's participation in these arbitration proceedings is not intended to and does not waive its right to appeal that decision." Ordinarily, arbitration is either "binding" or "final," on one hand, or "non-binding," on the other. The term "appealable" does not, without more, indicate which was intended. Commonwealth nonetheless argues that, in the context of this agreement, "appealable" means "binding." It rests its argument on California law (which does not control, because the FAA provides that federal substantive law applies) and on its counsel's letter of May 4, 1990. That letter, however, expressed uncertainty as to the meaning of "appealable." It noted that arbitration could be binding and appealable, or simply nonbinding. The letter then stated that "[e]ither of these approaches to Arbitration is satisfactory." Id. Nothing more was said by either side about the meaning of "appealable." The district court correctly concluded, therefore, that the agreement was ambiguous about the parties' intentions regarding finality. The agreement thus did not meet the standard for confirmation under 9 U.S.C. § 9.
 
 
 13
 For these reasons, we affirm the district court's dismissal of Commonwealth's motion to confirm the arbitration award.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not for publicatin and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court stated, and Commonwealth does not dispute, that the scope of the FAA is coextensive with Congress's power to regulate under the Commerce Clause. See Perry v. Thomas, 482 U.S. 483, 490 (1986)
 
 
 [2]
 Commonwealth contends that the panel should review the district court's findings de novo, whereas Liberty Mutual asserts that they should be overturned only if clearly erroneous. Nothing turns on this question, however, as the district court's conclusions should be affirmed under any standard