**WEST SHORE PIPE LINE COMPANY and Amoco Pipe Line Company as agent for West Shore Pipe Line Company, Plaintiffs,**

v.

**ASSOCIATED ELECTRIC AND GAS INSURANCE SERVICES LTD., a foreign corporation, Defendant.**

No. 91 C 6613.

United States District Court, N.D. Illinois, E.D.

May 11, 1992.

John Patrick McGahey, Jerry L. McDowell, Timothy J. Rowan, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, Ill., for plaintiffs.

John Scott Hoff, Michael Dean Simmons, Brandt Randall Madsen, Tamara L. Warn, Law Offices of John Scott Hoff, P.C., Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant Associated Electric and Gas Insurance Services Ltd.'s ("AEGIS") motion to dismiss. For reasons that follow, the motion is granted.

## FACTS

This declaratory judgment action involves an excess liability insurance policy that plaintiffs West Shore Pipe Line Company and Amoco Pipe Line Company (together "West Shore") obtained from AEGIS. In June 1988, an underground pipeline in Wauwatosa, Wisconsin owned by West Shore sprang a leak. AEGIS denied West Shore's claim over the leak in November 1989. West Shore filed the present lawsuit on October 16, 1991.

Attached to West Shore's complaint was a copy of the insurance policy. Two provisions of the policy are particularly relevant at this stage of the proceedings. One is a clause titled "Arbitration/Service of Suit," which provides in part:

Any controversy or dispute arising out of or relating to an interpretation or breach of this POLICY shall be settled by binding arbitration in accordance with the Rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereover. The arbitration process shall be governed by and conducted in accordance with the laws of the State of New York....

In the event of a judgment entered against [AEGIS] on an arbitration award, [AEGIS] at the request of [West Shore], shall submit to the jurisdiction of any court of competent jurisdiction within the United States of America, and shall comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

Service of process in such suit or any other suit against [AEGIS] may be made upon Messrs. LeBoeuf, Lamb, Leiby & McRae, 520 Madison Avenue, New York, New York 10022 ...

Another "Service of Suit Clause" was attached to the policy. That clause provides in part:

It is agreed that in the event of the failure of the Insurer hereon to pay any amount claimed to be due hereunder, the Insurer hereon, at the request of the INSURED, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdication [sic] and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon Martin P. Hughes, c/o Mack & Parker, Inc., 55 East Jackson Blvd., Chicago, Illinois 60604 and that in any suit instituted against any one of them upon the contract, the Insurer will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

AEGIS responded to the complaint by filing the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). It asserted that the second service of suit clause, which allegedly attempts to waive the mandatory arbitration provision in the arbitration/service of suit clause, was attached without its knowledge or consent, and is therefore not part of the insurance contract. Accordingly, AEGIS contended that the arbitration clause deprives this court of subject matter jurisdiction.

In support of its motion, AEGIS submitted various materials, including a copy of West Shore's August 4, 1987 insurance application, on a 14–page AEGIS form, signed by a West Shore vice president. The first page of the application contains a one-paragraph policy description entirely in capital letters, including a sentence stating that "THIS POLICY WOULD PROVIDE FOR MANDATORY ARBITRATION OF ALL DISPUTES THAT MAY ARISE THEREUNDER." The last page of the form, the signature page, contains four paragraphs, the second of which states that the application does not constitute a binding offer or acceptance by either party, "BUT IT IS AGREED THAT THIS APPLICATION SHALL BE THE BASIS OF THE INSURANCE SHOULD A POLICY BE ISSUED." The third paragraph provides that "BY SIGNING THIS APPLICATION, THE APPLICANT COMPANY ACKNOWLEDGES THAT IT HAS RECEIVED THE ATTACHED SPECIMEN POLICY AND AGREES TO BE BOUND BY THE MANDATORY ARBITRATION PROVISION SHOULD A POLICY BE ISSUED."

AEGIS also submitted a pair of affidavits in support of its motion. Gary Buchanan, an AEGIS claims attorney, averred that Mack & Parker was neither an AEGIS agent nor was it authorized to accept service of process on AEGIS's behalf at any time. Buchanan also testified, in an offer of proof before this court, that the second service of suit clause, which would allow Mack & Parker to accept service on AEGIS's behalf, was never presented to AEGIS for inclusion in West Shore's policy. He also testified that the original policy issued to West Shore was kept in AEGIS's offices in New Jersey, and that the policy contained neither the service of suit clause listing Mack & Parker nor such a clause listing any other agent for service of process residing in Illinois. Buchanan acknowledged, however, that other AEGIS policies issued in Illinois contain a service of suit clause providing for service upon AEGIS in Illinois. He submitted a copy of AEGIS's standard clause for that purpose, in the form of an amendatory endorsement, which provides for service upon the Illinois Director of Insurance, who is then authorized to mail such process to the Chicago law firm of Lord, Bissell & Brook.

The second affidavit submitted by AEGIS was that of Ralph Cleage, a senior vice president with McGriff, Seibels & Williams, Inc., the Birmingham, Alabama, insurance brokerage through which West Shore obtained its AEGIS policy. Cleage averred that there was no reference to the second, contested service of suit clause in its files or correspondence concerning West Shore's policy. He added that his company's contact with Mack & Parker was for the sole purpose "of bringing the policy in compliance with Illinois law."

West Shore submitted a pair of affidavits and other materials in opposition to AEGIS's motion to dismiss.[1] Steven M. Erickson, who was the coordinator-insurance administrator for West Shore when it obtained the AEGIS policy, averred that West Shore contacted McGriff, Seibels &

---

1. Some of West Shore's materials were submitted in response to this court's January 30, 1992 order directing it to make an offer of proof concerning admissibility of the contested service of suit clause.

Williams to obtain the insurance from AE-GIS. West Shore, Erickson added, never authorized Mack & Parker to perform any services in connection with the policy. Erickson also averred that McGriff, Seibels sent a copy of the AEGIS policy to West Shore containing the service of suit clause listing Mack & Parker, and bearing the seal of the Surplus Line Association of Illinois on both the first page of the policy and on the page containing the contested service of suit clause.

The affidavit of Martin P. Hughes, the Mack & Parker employee listed in the contested clause, was also submitted by West Shore. Hughes averred that he was a surplus line producer licensed in Illinois at the time the West Shore/AEGIS policy was issued. Cleage of McGriff, Seibels contacted Hughes to file the policy with the Surplus Line Association in compliance with § 445 of the Illinois Insurance Code, Ill. Rev.Stat. ch. 73, ¶ 1057 (1987), and ¶ 2801 of the Illinois Insurance Regulations. Hughes added that Mack & Parker drafted a standard service of suit clause for the policy as required by the Code and Regulations, and then filed the policy with the Surplus Line Association.

## DISCUSSION

 Lack of subject matter jurisdiction is appropriately raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(1), and may be supported by any documents needed to resolve the issue. *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir.1989), *cert. denied*, 495 U.S. 957, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936) (when challenged, jurisdictional allegations must be supported by competent proof). Hearings may be held if necessary to resolve disputed factual matters. *Barnhart*, 884 F.2d at 296.

AEGIS's motion to dismiss raises two basic questions: is the second service of

suit clause part of the insurance contract, and if so, does that clause waive or otherwise conflict with the mandatory arbitration provision in the first service of suit clause? The clause inclusion question is primarily a factual matter, while the waiver/conflict question is a legal issue. The court will therefore address the waiver issue first, and if the second service of suit clause would not waive the arbitration provision, it can be left to an arbitrator to decide whether that second clause is part of the contract.

 The waiver issue is governed by federal law under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* The Arbitration Act created a strong federal policy favoring arbitration of disputes. *Morrie Mages and Shirlee Mages Found. v. Thrifty Corp.*, 916 F.2d 402, 405 (7th Cir.1990). The Act governs the validity and enforceability of arbitration agreements in any contract involving maritime or interstate transactions. 9 U.S.C. § 2. The insurance policy at issue here involves interstate commerce. *See Hart v. Orion Ins. Co.*, 453 F.2d 1358, 1360 (10th Cir.1971) (insurance policy with Montana application, Illinois acceptance and Montana delivery covered by Arbitration Act).[2] Under the Act, any doubts concerning the applicability or waiver of an arbitration clause "should be resolved in favor of arbitration...." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Mandatory arbitration rights are waivable, but waiver will not be lightly inferred; the party urging waiver bears a heavy burden. *Morrie Mages*, 916 F.2d at 405.

 The second service of suit clause, assuming that it is a part of West Shore's policy, simply provides for service of suit within Illinois, and names an additional agent for that purpose, Martin P. Hughes of Mack & Parker. The clause does not mention arbitration. There are no provisions in the arbitration/service of suit

2. Application of the Arbitration Act is also not precluded here by the McCarran–Ferguson Act, 15 U.S.C. § 1012(b), which bars federal impairment of state laws regulating the insurance business. *See Hart*, 453 F.2d at 1360; *Hamilton Life Ins. Co. v. Republic Nat'l Life Ins. Co.*, 408 F.2d 606, 610–11 (2d Cir.1969).

clause which are clearly inconsistent with the second, contested service of suit clause. The second service of suit clause can therefore reasonably be interpreted to facilitate litigation following arbitration, concerning the validity of enforcement of any arbitration ruling, without curtailing the mandatory arbitration provision in any manner. Moreover, any waiver of a mandatory arbitration provision should be explicit in view of the federal policy favoring arbitration. The second service of suit clause falls far short in this regard.

Alleged conflicts between arbitration and forum selection clauses obligating a party to submit to the jurisdiction of a court were rejected and arbitration orders were upheld in *Hart*, 453 F.2d 1358, and *Geldermann, Inc. v. Stathis*, 177 Ill.App.3d 414, 126 Ill. Dec. 681, 532 N.E.2d 366 (1st Dist.1988), both applying the Arbitration Act. As the *Geldermann* court noted, "arbitration awards are not self-enforceable. Once arbitration is completed, therefore, the forum selection clause reasonably can be interpreted as dictating the *location* of any action that might be necessary after arbitration in order to enforce the award." *Geldermann*, 177 Ill.App.3d at 421, 126 Ill.Dec. 685, 532 N.E.2d at 370 (emphasis in original).

The court therefore finds that whether the second, contested service of suit clause is part of West Shore's insurance policy or not, the mandatory arbitration provision in the policy is valid and requires that West Shore's claim be submitted to arbitration.

### CONCLUSION

AEGIS's motion to dismiss under Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.